## ANTONEZ vs. THE STATE.

1. A sheriff has no power under the Code to admit to bail a person charged with a felony after indictment found, nor can that power be delegated to him by an order of the Circuit Court in these words : "And it appearing to the court that the offence with which the prisoner stands charged, namely, murder in the second degree, is bailable, it is ordered that, upon the prisoner giving good and sufficient bail, according to law, for his appearance at the next term of this court, in the sum of $1,000, then said prisoner be discharged from custody until the next term of this court."

2. Section 3408 of the Code, requiring the magistrate to endorse on the warrant of commitment the amount of bail required, applies only to preliminary proceedings before indictment found, and not to commitments after indictment.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. C. W. RAPIER.

6

PERCY WALKER, for the appellant :

1. The indictment against Paine was for a felony; and, under the Code, bail could only be taken in open court, or by a judge in vacation.—Code, pt. iv, ch. 8, tit. 2 ; 15 Ala. 703.

2. The order of the court for the discharge of the prisoner, upon his entering into bond, was a nullity, as the court had no right to delegate its power.—Butler v. Foster, 14 Ala. 323.

3. The bond, judgment *nisi*, and *scire facias* did not correspond with the indictment : they varied from the charge described in the indictment, and were therefore wrong.—Howie v. The State, 1 Ala. 113 ; Farr v. The State, 6 *ib.* 795; Faulk v. The State, 9 *ib.* 919. The judgment *nisi* describes the charge as *murder*, while the bond describes it as *murder in the second degree* : this, under the authorities *supra*, is a fatal variance.

4. The Code requires bonds and recognizances, in criminal cases, to be made payable to the State of Alabama. This requirement, we think, is imperative ; and the bond in this case, not being so drawn, was of no binding force.

M. A. BALDWIN, Attorney General, *contra :*

1. It is not intended to controvert the decisions in the cases of Butler v. Foster, 14 Ala. 323, and Governor v. Jackson, 15 *ib.* 703.

2. A circuit judge is a magistrate (Code, § 3339), and under section 3408 of the Code, has the right to authorize the sheriff to take bail in all bailable cases. The sheriff is restricted to cases of misdemeanors in taking bond, unless endorsed as above.—See section 3546.

3. The circuit judge, then, by endorsing on the commitment the amount of bail required, authorizes the sheriff to admit to bail. This authority does not depend upon the fact that it is endorsed on the commitment. The authority may be placed upon the minutes of the court.—Gray v. The State, 5 Pike 265.

4. The commitment and the authority of the sheriff are in the same order, and it is not for the sheriff to question the right of the court to make this order. This case is unlike the case in 14 Ala., *supra*. In that case, the order of the court was to take a recognizance, or a sum of money on deposit. A recognizance is an obligation of record, entered into before

a court or officer duly authorized.—2 Bouv. Law Dic. 413. The recognizance need not be signed by the conusors; it is a judicial act, and cannot be delegated. The order by the circuit judge in this case is not to take a recognizance, but a bond,—not to perform a judicial act, but a ministerial one. A bail bond is a specialty, or obligation under seal, by which a party becomes bound in a penalty for his appearance at court.—1 Bouv. Law Dic. 163. The judge may authorize the sheriff to take a bond independent of section 3408 of the Code; it is a power incidental to his office of circuit judge. It is not admitted, however, that a sheriff does not possess the power to take bonds and recognizances; he certainly had this power in the early history of that office.—State v. Mills et al., 2 Dev. 556.

5. There is no good reason why section 3408 should be limited to initiatory proceedings, or proceedings before indictment. This construction would be more liberal on the side of defendant than that section will warrant. If it had been the intention of the framers of the law to limit that section to initiatory proceedings, it would not have been left to inference.

6. It is not necessary that the bond should be payable as provided in the Code, § 3676.—See § 3684 of the Code, and Clay's Dig. 480, § 27.

CHILTON, C. J.—At the November term, 1853, of the Circuit Court of Baldwin county, one John Paine was indicted, under the Code, for killing one William Cameron and one John ———, whose surname was to the grand jurors unknown.

The prisoner being in custody, and it appearing to the satisfaction of the court that the jail of Baldwin county was insufficient for his safe-keeping, and that the jail of Mobile county was the nearest sufficient jail, it was ordered by the court that the prisoner be delivered by the sheriff of Baldwin to the sheriff of Mobile county for safe-keeping in the jail of that county until the next term of the Baldwin Circuit Court. The entry further proceeds as follows : "And it appearing to the court that the offence with which the prisoner stands charged, namely, murder in the second degree, is bailable, it is ordered that, upon the prisoner giving good and sufficient

bail, according to law, for his appearance at the next term of this court, in the sum of one thousand dollars, that then said prisoner be discharged from custody until the next term of this court."

It further appears that on the 10th day of November, 1853, James W. Lang, the sheriff of Mobile county, to whom the prisoner had been delivered, received a bail bond from said Paine, the prisoner, signed by the appellant, in the penal sum of $1,000, conditioned for the prisoner's appearance at the next term of the Baldwin Circuit Court, to answer to a charge of murder in the second degree.

Paine failed to appear at the next term,—a judgment *nisi* was rendered, on which a *sci. fa.* issued, and judgment final was rendered. Upon the return of the *sci. fa.*, the appellant, by his counsel, appeared, and made divers motions, viz., to dismiss the *sci. fa.*, to arrest the judgment *nisi*, and to quash the bond. These motions were severally overruled by the court, and its rulings are here assigned for error.

The question as to the liability of the appellant turns upon the legal sufficiency of the bond, and this depends upon the power of the sheriff to take it. Before the Code, the sheriff had no power to admit a party to bail who was charged with a felony.—Butler v. Foster, 14 Ala. 323 ; Governor v. Jackson, 15 *ib.* 703. Has the Code altered the law in this respect ? We think not. If the offence is a misdemeanor, the sheriff, or his deputy, must discharge the defendant upon his giving bail. Code, § 3546. Section 3408, requiring the committing magistrate to endorse on the warrant of commitment the amount of bail required, does not apply to commitments after indictment found, but to commitments upon preliminary proceedings had for the arrest of offenders. There is no provision which authorizes the Circuit Court to delegate to the sheriff the power to admit to bail, except upon the trial of a *habeas corpus* (Code, §§ 3736-7-8) ; and without such statutory provision, the power does not exist.—Butler v. Foster, 14 Ala. 323. Indeed, the order in this case is not that the *sheriff* may admit to bail, but the prisoner is to be kept until he give bail "according to law." The effect of the order is merely to determine that the offence is bailable, and to fix the sum. Whether, upon *habeas corpus* to be admitted to bail, the judge trying the

same would be bound by such order, is a question we need not now discuss. It is clear that, so far as it may be construed as a delegation of authority to the sheriff to take bail, to that extent it is null and void.

It follows, as the sheriff had no power to take the bond, it is no more than so much blank paper, and the judgment rendered upon it is erroneous. It is therefore set aside, and this court, proceeding to render the judgment which the court below should have rendered, orders that said bond be quashed.

Judgment accordingly.