The mare was wrongfully on the defendants' road, and the plaintiff was a wrongdoer by turning her there. *The Lafayette, &c., Railroad Co.* v. *Shriner*, 6 Ind. R. 145.—*Railroad* v. *Skinner*, 19 Penn. R. 298.—*Talmadge* v. *Ren. and Sar. Railr. Co.* 13 Barb. 390.—*Brook* v. *N. Y. and Erie Railr. Co.* 19 *id.* 364.—*Vandegrift* v. *Rediker*, 2 Zabr. 185.—*Aurora Branch Railroad* v. *Grimes*, 13 Ill. R. 585. If it appeared from the evidence that no negligence on the part of the defendants caused the injury, or that the negligence of the plaintiff caused it, or contributed to produce it, he should not have recovered. *Hawkins* v. *Cooper*, 34 E. C. L. 285.—*Sill* v. *Brown*, 38 *id.* 245.—*Brand* v. *Troy and Schen. Railr. Co.* 8 Barb. 368.

Mr. *Crawford* contended that the case was not governed by the statute of March 1, 1853.

---

McCole and Another *v.* The State on the relation of Chipman.

An action upon a recognizance for appearance in the Circuit Court may be brought in the Common Pleas, if the amount is within the jurisdiction.

Where a justice of the peace has committed a defendant charged with a bailable offense, for failure to enter into recognizance, the sheriff may, before an indictment is found, and without an order of the Court, judge or clerk fixing the amount of bail required, accept bail in the amount specified in the warrant of commitment.

This Court will not examine a question upon the sufficiency of evidence, where the bill of exceptions purports to contain only "the substance of all the evidence introduced."

Nov. Term, 1857.

McCole
v.
The State.

APPEAL from the *Hamilton* Court of Common Pleas.

Tuesday, January 5.

HANNA, J.—This was an action on a recognizance taken by the sheriff—one *Jesse H. Willis* being in his custody by virtue of what is called in the record a commitment from a justice of the peace, for failing to find security in the sum of 500 dollars, for his appearance in the Circuit Court to answer to a charge of larceny. There was judgment for 500 dollars, the amount of the recognizance.

By a demurrer to the complaint, the question is presented, whether this suit can be maintained in the Common Pleas Court. It is contended by the appellants that the exclusive jurisdiction is in the Circuit Court, in actions upon a recognizance for appearance in that Court; and we are referred to § 48, p. 366, 2 R. S. 1852. That section reads as follows:

"The prosecuting attorney may, at any time after the adjournment of the Court, proceed by action against the bail upon the recognizance. Such action shall be governed by the rules of civil pleading so far as applicable."

In the act providing for the organization of Circuit Courts, we do not find any provision giving exclusive jurisdiction to that Court, in suits of this character. Section 11 of the act establishing Courts of Common Pleas, gives to that Court, in civil cases, "concurrent jurisdiction with the Circuit Court, when the sum due or demanded, or the damages claimed, shall not exceed one thousand dollars." It is insisted that this gives jurisdiction to that Court. We do not perceive the distinction, if any exists, between this and any other action for the recovery of a sum of money, so far as the question of jurisdiction of the Court is concerned.

The next point is, that, at the time the sheriff took the recognizance, there being no indictment found, no order of a judge, or of the clerk of the Court, fixing the amount of bail required, the sheriff had no power or authority to take and approve such recognizance. This question is, in effect,

presented by the various pleadings in the form of answers, replies and demurrers. The appellants say that "to give the sheriff authority to take bail, there must be an indictment found, and an order of a Court, judge, or clerk, specifying the amount of bail required;" and they refer us to the statute upon the subject of arrest and recognizance. 2 R. S. p. 364. Section 41 of that act is as follows:

"When any person is committed for want of bail, and the amount of bail is specified in the warrant of commitment, the sheriff may take the recognizance and approve the bail."

The ninth section of the act prescribing the powers and duties of justices in state prosecutions, gives a justice the power to require of a defendant a recognizance in a sum to be fixed by such justice, for appearance in the Circuit Court, to answer to a charge of a felony. The thirtieth section gives the justice the power to "commit such defendant to the county jail, until discharged by due course of law," upon failure to enter into recognizance as required. One of the modes of being discharged by due course of law, we think, is to give bail, to be approved by the sheriff, in such sum as may be specified in the warrant of commitment. We believe the letter of the statute gives the sheriff this power; and if it did not, the whole spirit of our laws favors the right of the citizen to liberty. If charged with a bailable offense, he has that right, at the earliest moment he can furnish reasonable bail; and we know of no legal mode of availing himself of that right at an earlier moment than to have the privilege of giving bail to the acceptance of the officer who may have him in custody, without waiting until an indictment may be found, or the order of a superior judge procured.

The last point made is, that the evidence is insufficient to warrant the judgment. There is nothing before us upon which we can determine that question. It is true, there is a long bill of exceptions which professes to contain "the substance of all the evidence introduced upon the trial of said case." The 30th rule of this Court requires that in a bill of exceptions purporting to set out the evidence, the

words "this was all the evidence given in the cause," are <span>Nov. Term, 1857.</span> to be regarded as technical, and indispensable to repel the presumption of other evidence. The decisions of this <span>TYLER v. WILKINSON.</span> Court are in conformity with that rule, in cases tried since its adoption (1).

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. Garver*, for the appellants.

*D. C. Chipman*, for the state.

(1) See *Jarvis* v. *Strong*, 8 Ind. R. 284; *Cully* v. *Imell*, id. 456; *The New Albany, &c. Co.* v. *Callow*, id. 473, on petition for a rehearing; *Nutter* v. *The State*, 9 id. 178; *The Jeffersonville Railroad Co.* v. *Butler*, id. 205; *The State* v. *Swarts*, id. 221; *Manly* v. *Hubbard*, id. 230.