GEORGE W. BROWN, Appellant, v. THE PEOPLE, Appellees.

APPEAL FROM WARREN.

It is no answer to a *scire facias* upon a recognizance, to say that the person for whose appearance the recognizance was given, was arrested under a *capias* in another county. The bail has ample power at all times, anywhere in the State, to compel the appearance of his principal, according to the exigency of the obligation assumed.

A WRIT of *scire facias* upon a bail bond in a criminal case, was issued from the Warren Circuit Court, against Levi Marquet and George W. Brown, which was returned to said Warren Circuit Court, served upon the said George W. Brown, and returned *non est inventus* as to Marquet.

The defendant, Brown, filed several pleas to *scire facias;* to all which pleas, except the plea of the general issue, the plaintiff below filed a general demurrer, which demurrer was afterwards sustained by said court to all of the pleas. Thereupon, by leave of the court, the defendant below withdrew his plea of general issue; whereupon the court rendered final judgment against Brown.

Brown prayed an appeal to this court.

The *scire facias* sets out that at the November term, 1856, of said Warren Circuit Court, the grand jury of said county returned into court an indictment against Levi Marquet, for the crime of an assault with an intent to commit a rape, which indictment is set out *in hæc verba.*

Avers, that at the same term, said Marquet, and George W. Brown, as his security, entered into a recognizance in open court in the sum of $800, for the appearance of said Marquet, before the judge of said court, at the next term thereof, to be holden on the second Monday of April, 1857.

Avers, that said Marquet failed to appear at a term of said court holden on the third Monday of March, 1857; and that at said March term default was taken, and a conditional judgment rendered against Marquet and Brown; and a *scire facias* ordered to issue against both Marquet and Brown, returnable to the next term, commanding them to appear and show cause why final judgment should not be rendered against them.

The *scire facias* further avers, that at the September term, 1857, an alias *scire facias* was ordered; that the bail required of Marquet was raised to $1,000, and a new *capias* ordered to issue to the sheriff of Knox county; and at the March term, 1859, a like order was made.

The *scire facias* commands both Marquet and Brown to

appear and show cause, at the October term, 1859, why final judgment should not be rendered against them severally.

The appellant, George W. Brown, filed special pleas, numbered 2, 3, 4 and 5, as follows:

2. And the said defendant, George W. Brown, for further plea to the said writ of *scire facias*, by leave of the court, first had and obtained, the said defendant says *actio non*, because he says that after the said recognizance in said writ of *scire facias* set out, was taken and entered as therein stated, to wit, on the 25th day of November, A. D. 1857, a *capias* was issued by the clerk of the Circuit Court in and for the county of Warren aforesaid, in pursuance of an order of said court, before that time made and entered of record in the same cause, wherein the said recognizance was taken and entered into, directed to the sheriff, coroner and constables of Knox county, which said *capias* was delivered to the sheriff of said Knox county; and afterwards, to wit, on the 1st day of December, A. D. 1857, before the return day of said writ, the said sheriff of Knox county, at and within the county of Knox aforesaid, arrested the said Levi Marquet, as commanded by said *capias*, and there and then had and held the custody of said Levi Marquet, to answer to the indictment in said writ of *scire facias* described; and this he is ready to verify, wherefore he prays judgment, etc.

3. And the said defendant, by leave, etc., for further plea to the said writ of *scire facias*, says *actio non*, because he says that after the said recognizance in said writ of *scire facias* described, was taken and entered into, that is to say, at a term of the Circuit Court began and held on the third Monday of September, A. D. 1857, in the same case wherein the indictment was presented, and the recognizance taken and entered into, as alleged in said writ of *scire facias*, an order was made that a *capias* be issued to Knox county in the State aforesaid, returnable to the next term thereafter; and afterwards, to wit, on the 25th day of November, A. D. 1857, in pursuance of and compliance with said order, the clerk of said Circuit Court issued a *capias ad respondendum*, directed to the sheriff, coroner and constables of Knox county, commanding in the name of the People of the State of Illinois, to take the said Levi Marquet, and him safely keep, so as to have his body before the Circuit Court of Warren county, on the first day of the next term thereafter, to be holden at the court house, in Monmouth, on the third Monday of March next, to answer concerning the crime of assault with intent to commit rape, with which he stood charged in a certain bill of indictment, which is the same indictment described and mentioned in said writ of *scire facias*, which said *capias ad respondendum* was, after its issue, delivered to the

sheriff of Knox county aforesaid, to execute; and afterwards, to wit, on the first day of December, A. D. 1857, at and within the county of Knox aforesaid, and while the said *capias* was in the hands of the sheriff of Knox county to execute, the said defendant, George W. Brown, surrendered to the said sheriff the body of the said Levi Marquet in satisfaction of the said recognizance, and there and then and thereby the said defendant, George W. Brown, was discharged therefrom; and this he is ready to verify, wherefore he prays judgment, if the People should have execution, etc.

5. And now comes the defendant, George W. Brown, one of the said defendants, and for further plea to the said *scire facias* says *actio non*, because he says that after the said recognizance was taken and entered into, when the sheriff of Knox county, in the State aforesaid, had lawfully in his possession to execute, a *capias* issued from the Circuit Court of Warren county aforesaid, in the said cause, where said recognizance was taken, directing him to arrest the said Levi Marquet to answer to said indictment, and before any writ of *scire facias* had issued on said recognizance, and before any costs had accrued on any writ of *scire facias*, the said defendant, to wit, on the 1st day of December, A. D. 1857, at and within the county of Knox aforesaid, voluntarily surrendered the said Levi Marquet to the said sheriff of Knox county, who received the custody of the said Levi Marquet from the said defendant, George W. Brown, whereby he was discharged from the said recognizance; and this he is ready to verify, whereupon he prays judgment, etc.

The appellant now assigns the following errors, to wit:

The Circuit Court erred in sustaining the demurrer to pleas second, third, fourth and fifth.

The Circuit Court erred in not carrying the demurrer to the pleas back to the *scire facias*, and sustaining it thereto.

The Circuit Court erred in rendering judgment against the appellant, and awarding execution against him.

W. C. GOUDY, for Appellant.

D. P. JONES, State's Attorney, for Appellees.

BREESE, J. This is an action commenced by *scire facias* upon a recognizance of record. The *scire facias* contains all the necessary averments, and requires the parties to appear and show cause why final judgment should not be entered against them, on failure of Marquet, the party indicted, to appear and answer to the indictment. The recognizance was to appear at the April term, 1857, of the Warren Circuit Court, and entered into at

the November term, 1856. In the winter of 1856–7, the legislature changed the time of holding that court to March, at which term the recognizance was forfeited, and a conditional judgment entered against Marquet and his surety, Brown, and a *scire facias* ordered, to show cause at the next term why final judgment should not be entered against them. At the September term, 1857, there being no appearance of the parties, an alias *sci. fa.* was ordered, and an alias *capias* ordered to issue to the sheriff of Knox county, with bail indorsed of one thousand dollars. At the March term, 1859, a similar order was made. The *scire facias* commanded both Marquet and Brown to appear·and show cause at the October term, 1859, why final judgment should not be entered.

The special pleas presented by the defendant do not, in our opinion, show any sufficient reason why the appearance of the party indicted was not had at the March term, 1857, or at some subsequent term. The fact that he was arrested on a capias issued by the Circuit Court of Warren county, and executed in Knox county by the arrest there of the defendant, is no performance of·Brown's undertaking, or any sufficient excuse for nonperformance. *Non constat* but that the surety could have had the body at the March term, 1857, of the Warren Circuit Court, or at some other term. The surety is the living prison of the party bailed, and he had the power, at any moment, on his own motion, to take, detain and surrender his principal. Chap. 30, Rev. Stat. 1845, sect. 196, p. 187. He was his keeper, and had him in a string, which he might pull whenever he pleased, and render him in his discharge. The surety could take him on any day, Sunday not excepted, and for that purpose break down doors and drag him from his bed at midnight. *Commonwealth* v. *Brickett*, 8 Pick. 138. And this power is coextensive with the limits of the State—it has no other bounds. If necessary, the surety could petition for and obtain a writ of *habeas corpus ad subjiciendum.* He is clothed with all the power necessary to enable him to fulfill his undertaking, and nothing can excuse him except the death of his principal. Hurd on Habeas Corpus, 67.

The pleas show no excuse for the non-surrender of the principal. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*