### THE STATE *v.* BROWN, 32 Miss. Rep., 275.

#### SHERIFF'S POWER TO BAIL OFFENDERS.

A party in custody of the sheriff under indictment for felony, and in whose case a mis-trial has been had, and the jury disagreed, must be considered as remaining in custody till legally discharged; and the sheriff has authority, under the act of 1822, (Hutch. C., p. 444, § 13; Rev. C. 1857, p. 127, art. 129,) by virtue of an order of the court, to take bail or recognizance at any time before such legal discharge.

In error from the circuit court of De Soto county. Hon. P. F. SCRUGGS, Judge.

*D. C. Glenn*, attorney general, argued the case orally.

*H. W. Walter*, for defendant in error, argued the case and submitted a brief, in which he made the following points and cited the following authorities, viz:

1. The sheriff had in his hands no process authorizing him to take the recognizance. Overraker v. The State, 4 S. & M., 738; The State v. Pace, 3 Cushm., 54.

2. The sheriff is an officer of official and limited power, and a recognizance taken by him must show on its face the authority by which it was taken. Hutch. Code, 443, 1009; 4 Humph., 213, 226; 3 Cushm., 54, 607; 6 Wheaton, 119; 3 Grattan, 82, 214; 11 Mass., 446; 2 Kelly, 365; 2 S. & M., 200; 4 Texas, 419; 1 Stew. & Port., 465.

HANDY, J.:

This was a *scire facias* upon a recognizance of bail entered into by a party who was indicted for a felony, and the defendant

in error, his bail, taken by the sheriff of the county in which the indictment was found. It appears that after the indictment was found, a *capias* was issued against the accused, which was executed; and, that a trial was had upon which the jury could not agree, and were discharged; and the record shows that "the sheriff was thereupon ordered by the court to admit him to bail in the sum of five hundred dollars and good security in like amount." This order appears on the proceedings of the court, under date of the 8th of June, 1853; and, in pursuance of it, the sheriff took the recognizance on the 13th of June, 1853, of the accused and the defendant in error, and, at the November term, 1853, a judgment of forfeiture was taken, both against the principal and the defendant in error.

The defendant in error demurred to the *scire facias* issued on this judgment; which was sustained, and judgment rendered for the defendant; to which the state prosecutes this writ of error.

The controlling question in the case is, whether the sheriff had authority to take the recognizance.

It is held in Pace v. The State, 25 Miss., 54, that, under the provisions of the act of 1822, Hutch. Code, 444, § 13, the sheriff is only authorized to take a recognizance of bail from a party whom he may arrest on the process of a circuit court.

In this case it appears that the accused had been arrested under such process, and, for aught that appears in the record, was in custody under that arrest at the time of the mis-trial. He must be considered as in custody under the original arrest until it be shown that he was duly discharged. The order made by the court after the mis-trial was, in effect, an order of re-commitment until the defendant should give bail; and he was not discharged until he was bailed in virtue of the recognizance taken by the sheriff. He was, in the meantime, in custody under the original arrest by virtue of the process from the circuit court, and in such cases the sheriff has authority by the act above-mentioned to take recognizances.

The act of 1846, Hutch. Code, 1009, art. 12, has reference to persons committed to jail by the order of any judge, justice of the peace, or other officer, and not to one committed under process issued from a circuit court. But, if that statute apply to

the case, the order made by the court was a sufficient authority to the sheriff to take the recognizance.

There appear to be no substantial merits in any of the other grounds of demurrer relied upon by the defendant.

The judgment is reversed, and the cause remanded for further proceedings on the *scire facias.*