*In re* HUMASON.

*(District Court, D. Washington, E. D.    May 4, 1891.)*

1. **"DUE PROCESS OF LAW"—INFORMATION.**
    The provisions of Act Wash. 1890, known as the "Information Law," authorizing the prosecuting attorney to file informations in cases in which persons have been accused of crime before a committing magistrate, and held for trial after due preliminary examination, and admitted to bail or held in custody while awaiting trial, are not void, as depriving the defendant of his liberty without "due process of law," under the fourteenth amendment, because it dispenses with indictment and presentment by a grand jury, nor because the act, in a separable provision, authorizes prosecutions by information without preliminary examinations or any certificate of probable cause.

2. **HABEAS CORPUS—FEDERAL COURTS.**
    Under Rev. St. U. S. § 753, forbidding the granting of a writ of *habeas corpus* by the federal courts, except for causes therein specified, the writ will not be granted either because the person assuming to act as prosecuting attorney, by whom the information against petitioner was filed, is only *de facto* a prosecuting attorney, or because petitioner was denied admission to bail pending a writ of error which he had sued out in the state court.

On Petition for *Habeas Corpus.*

*W. W. D. Turner, George Forster,* and *T. C. Griffitts,* for petitioner.
*George Turner, Frank Graves,* and *S. G. Allen,* for respondent.

HANFORD, J. The petitioner shows that he has been convicted of a crime against the laws of the state of Washington in the superior court of the county of Spokane, and sentenced to suffer imprisonment in the state penitentiary for a term of two years, and that he is now in the custody of the sheriff of Spokane county by virtue of a warrant issued to carry the sentence into execution; and he alleges that the proceedings against him in the superior court, and the warrant under which he is now restrained of his liberty, are all illegal, and contrary to that clause of the fourteenth amendment to the constitution of the United States which provides that no state shall deprive any citizen of life, liberty, or

property without due process of law. The particular reasons assigned for denouncing the proceedings as being unconstitutional are—*First*, the statute known as the information law of the state is unconstitutional; *second*, the person assuming to act as the prosecuting officer, who filed the information upon which the petitioner was proceeded against, was not, in law or in fact, such officer, the office of prosecuting attorney being at the time filled by another person; *third*, the petitioner has been denied the right of admission to bail pending the hearing of his cause in the supreme court of the state upon a writ of error which he has sued out. The twenty-fifth section of the first article of the state constitution provides that "offenses heretofore required to be prosecuted by indictment may be prosecuted by information or by indictment, as shall be prescribed by law." Pursuant to this provision, a statute was passed at the first session of the state legislature containing, among other provisions, the following:

"Section 1. All public offenses may be prosecuted in the superior courts by information, in the following cases: *First*, whenever any person is in custody or on bail on charge of felony or misdemeanor, and the court is in session, and the grand jury is not in session, or has been discharged; *second*, whenever an indictment presented by a grand jury has been quashed, and the grand jury returning the same is not in session, or has been discharged; *third*, when a cause has been appealed to the supreme court, and reversed on account of any defect in the indictment; *fourth*, whenever a public offense has been committed, and the party charged with the offense is not already under indictment therefor, and the court is in session, and the grand jury is not in session, or has been discharged; *fifth*, whenever the court is in session or not in session, any competent and reputable person, having knowledge of the commission of any misdemeanor, not within the exclusive jurisdiction of a justice of the peace, may make an affidavit before any person authorized to administer oaths, setting forth the offense and the person charged in plain and concise language, together with the names of the witnesses, and file the same with the clerk of said superior court, who shall thereupon notify the prosecuting attorney thereof. The prosecuting attorney shall at once prepare and file an information in every case against the person charged in said affidavit, whether the court is in session or not.

"Sec. 2. All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him; and said court shall possess and may exercise the same powers and jurisdiction to hear, try, and determine all such prosecutions upon information, to issue writs and process, and do all other acts therein, as it possesses and may exercise in cases of like prosecutions upon indictments.

"Sec. 3. All informations shall be verified by the oath of the prosecuting attorney, complainant, or some other person, and the offenses charged therein shall be stated with the same fullness and precision in matters of substance as is required in indictments in like cases."

The fourteenth amendment to the constitution of the United States was not adopted until after several states of the Union had made pro-

vision for prosecuting public offenses by information, and practically dispensing with the grand jury system, and after the validity of such constitutional and statutory provisions had been affirmed by decisions of the courts of the respective states in which they were adopted. If an indictment or presentment of a grand jury is essential to "due process of law," within the meaning of that phrase as used in the fourteenth amendment, then all of the states, including those above referred to, which had theretofore enacted laws providing for prosecutions by information, are alike prohibited from proceeding in that manner against persons charged with violations of state law; and yet, in the 25 years since the adoption of this amendment, it has not been adjudged in a single case by any court that it has annulled or abrogated the laws providing for that mode of proceeding. Since the adoption of the amendment, the state of California has changed its procedure in criminal cases so as to allow prosecutions by information; and in the case of *Hurtado* v. *People,* 110 U. S. 516, 4 Sup. Ct. Rep. 111, 295, the question whether a person convicted in a proceeding by information in that state was deprived of liberty without "due process of law," in violation of the fourteenth amendment, was directly passed upon by the supreme court of the United States, and, in an able opinion exhaustive of the learning upon the subject, the constitutionality of the California law was affirmed by that court. That decision is conclusive. Since it was rendered hundreds of men have been proceeded against by information, and punished, and it is too late now to question the validity or constitutionality of state laws authorizing prosecutions for local offenses by information, or to longer maintain that an indictment by a grand jury is essential to "due process of law."

In behalf of the petitioner, it has been conceded that the decision of the supreme court referred to settles the law as far as the court passed upon and directly decided the questions involved in this case; and it is not contended that the petitioner's imprisonment is in violation of the constitution of the United States, merely because no indictment by a grand jury has been preferred against him, but his contention is that the the law of this state authorizing prosecutions by information is invalid for the reason that it authorizes the prosecuting attorney to institute a prosecution for a criminal offense without any preliminary hearing or investigation or a finding of probable cause. For this reason it is said that the law gives arbitrary and despotic power to the prosecuting officer, and is essentially different from the law of California which was passed upon by the supreme court, and objectionable for lack of the very elements of the California law which the supreme court in its opinion was careful to make mention of, as matter necessary to support the decision. Arbitrary power in a single individual to bring a citizen into court, and place him on trial for crime, may be so contrary to the spirit of the fourteenth amendment as to be considered obnoxious to the provisions of that article. This court will not affirm to the contrary in the decision of this case,—it is unnecessary to do so; and yet the court is not called upon and does not feel authorized to declare the information law of this state

to be totally void. The act in question gives power to the prosecuting attorney to file informations in cases in which persons have been accused of crime before a committing magistrate, and held for trial after due preliminary examination, and admitted to bail or held in custody while awaiting trial. Other laws in force in this state provide for magistrates, with authority to hold preliminary examinations, and admit accused persons to bail, or commit them to custody, so that there is in the judicial system created by laws of the state ample provision made for proceedings by information after a preliminary hearing and the finding by a judicial officer of probable cause; just such a proceeding as the supreme court in the case of *Hurtado* v. *People*, has declared to be constitutional and valid. If the state has attempted, in a distinct and severable clause of one of its statutes, to grant such arbitrary and unlimited power to a prosecuting officer as is forbidden by any constitutional provision, the valid and constitutional laws of the state are not for that reason to be set aside or declared to be unconstitutional. It is as much the duty of the court to uphold and maintain the laws and authority of the state, so far as they are valid and constitutional, as it is to afford protection to every citizen against oppression by the exercise of power prohibited by the constitution. The information law of this state is so framed that it, distinctly and in separate clauses, grants specific and clearly defined powers to the prosecuting attorney, some of which, as already shown, are clearly and unquestionably not in violation of the constitution. The parts of the act containing these objectionable provisions will not be impaired or in any way affected by wholly eliminating or disregarding the other parts to which objection is made. Therefore it is the plain duty of the court to preserve and abide by so much of this act as it finds to be good and valid, regardless of the questions raised as to the validity of the other provisions which it contains. The law being at least in part valid, the petitioner cannot be set at liberty by writ of *habeas corpus*, unless he brings his case before the court so as to show affirmatively that he has not been proceeded against under the provisions of that part of the law which is certainly constitutional and valid. He has not done so, and the first of the three grounds alleged for granting the writ is therefore found to be insufficient.

It is my opinion that the second and third grounds may both be disposed of by reference to section 753, Rev. St. U. S., which forbids the granting of the writ by the courts of the United States except for causes therein specifically enumerated, and which do not include either of the causes herein alleged, except the first, which has already been passed upon; but, even if this were not so, the court would still be constrained to deny the writ, for the reason that the causes are insufficient, in any view of the case. The person who filed the information against the petitioner was acting under color of authority granted him by the laws of the state, and he was recognized by the court in which his duties are to be performed as the incumbent of the office of prosecuting attorney. It is a fundamental principle that the official actions of a *de facto* officer are not subject to collateral attack by reason of any question as to the right

of the incumbent to the office. This is not controverted by the petitioner. It is said, however, that there cannot be two incumbents of one office at the same time, and the office of prosecuting attorney at the time this information was filed was actually filled by a person other than the one who signed the information. The facts, however, are otherwise. Mr. Ridpath was never elected or appointed to the office of prosecuting attorney for Spokane county. The office formerly held by him was that of prosecuting attorney for the district composed of the counties of Spokane and Stevens, and was created by the laws of the territory of Washington. He was a district officer, and not a county officer. The state constitution, in section 5 of article 11, creates the office of prosecuting attorney in each county, and there is under the state laws no such district office as that formerly held by Mr. Ridpath. Section 14, art. 17, of the state constitution, provides that—

"All district, county, and precinct officers, who may be in office at the time of the adoption of this constitution, * * * shall hold their respective offices until the second Monday in January, A. D. 1891, and until such time as their successors may be elected and qualified, in accordance with the provisions of this constitution."

By virtue of this section, Mr. Ridpath continued to perform his duties as a district prosecuting attorney until the first Monday of January, 1891. He could not thereafter continue to perform the functions of such district officer until the election and qualification of his successor, for the reason that the office which he held then ceased to exist, so he could not have a successor in that office. Neither could he, by virtue of having once filled a district office created by the laws of the territory, lawfully become the incumbent of a county office created by the constitution of the state. Therefore he was not, at the time this information was filed, the *de jure* prosecuting attorney of Spokane county. He has not been since the first Monday of January, 1891, recognized by the courts or officers of the state government as a prosecuting attorney, nor has he performed the duties of the office as a *de facto* officer.

The petitioner's right to a *supersedeas* and admission to bail, pending a review of his case by the supreme court of the state, depends upon the laws of the state, and, if he is by the laws of the state entitled to be admitted to bail, deprivation of such right, in contravention of such laws, affords no ground for the exertion of power by a national court. The national courts have no power to relieve a citizen from injustice resulting from maladministration of state laws or from errors of the state courts. Upon the courts and judicial officers of the state he must depend for securing such rights as the laws of the state give him. Upon due consideration of the whole case, it is my opinion that there is no ground to justify the court in granting the writ of *habeas corpus*, and it is therefore ordered that the petitioner be remanded to the custody of the sheriff of Spokane county.