## STATE v. SURETIES OF KROHNE.

BAIL—CLERK OF COURT—EXCEPTIONS TO INFORMATION AND PROCESS BY SURETIES—PROSECUTION BY INFORMATION—CONSTITUTIONAL LAW.

1.  The statute conferring upon the clerk of court authority to admit a defendant in a criminal proceeding to bail is not unconstitutional.

2.  In a proceeding against the sureties upon a forfeited bail bond, it is no defense that the arrest was illegal, because the warrant was issued upon an information verified upon information and belief.

3.  Neither can the sureties avail themselves of the defense that the information did not state an offense or was insufficiently verified.

4.  Under the statute of 1890-91 regulating criminal prosecutions, an information could be filed by a prosecuting attorney without a previous preliminary examination and the provision which authorized an information to be so filed

whenever the prosecuting attorney should be satisfied that a crime or offense had been committed in his county was not unconstitutional.

[Decided October 2, 1893.]

CASE from District Court of Sheridan County, HON J. W. BLAKE, Judge, on reserved questions, which together with the facts fully appear in the opinion of the court.

*M. L. Blake* and *Potter & Burke,* for the State.

In an action on a bail bond, the legality of the proceedings preliminary to arrest, is not relevant or material, when the arrest was under color of process. The legality of the arrest cannot be questioned. (People v. Brown, 59 Hun., 618; U. S. v. Wallace, 46 Fed., 569; U. S. v. Eldridge, 5 Utah, 161; Dilley et al. v. State, 2 Id., 1012; State v. Hancock, 54 N. J. L., 393; State v. Hendricks, 40 La. Ann., 719; Lee et al. v. State, 25 Tex. App., 331; Jones v. Gordon, 82 Ga., 570.) The giving of bond is a waiver of all objection to the process. (Ard v. State, 114 Ind., 542; Mix v. People, 26 Ill., 32; Peck v. State, 23 Ark., 235; 1 Blackf. (Ind.), 338; Fleece v. State, 25 Ind., 384; State v. Stout, 11 N. J. L., 147; Commonwealth v. Skeggs, 3 Bush. (Ky.), 19; State v. Wellman, 3 Ohio, 14.) The statutes authorizing the information to be filed by the prosecuting attorney were not unconstitutional. An affidavit is defined by Sec. 2610, Rev. Stat. (See also Harris v. Lester, 80 Ill., 311.) The statute authorizing the verification by the prosecuting attorney upon information and belief, it has as much force as if it had been sworn to positively by a complaining witness. There is nothing in the definition of an affidavit which contravenes the idea that a declaration sworn to by a public officer may be on information and belief.

*A. C. Campbell* and *R. W. Breckons,* for the sureties.

All proceedings were void, first, because of the absence of preliminary examination. (Art. 1, Sec. 4, Const.; In re Wright, 3 Wyo., 487; Wharton Cr. L., Sec. 458; 14th Amendment Const. U. S.; 15 Blatch (U. S.), 406; 13 Fed., 722; 69 Me., 281; Portland v. Bangor, 65 Me., 120; 18 Fed., 85;

30 How. Pr., 446.)  Second, because information verified on information and belief.  (Art. 1, Sec. 4, Const.; State v. Gleason, 32 Kan., 245; In re Rule, 3 Woods, 502.)  Third, because under constitution clerk has no right to admit to bail or fix amount of bail bond.  (Hall v. Marks, 34 Ill., 358; Morrow v. State, 5 Kan., 563.)  Sureties are not estopped from pleading facts which go to show that the bond was illegally taken.  (Champion v. People, 2 N. Y., 86; 52 N. Y., 20; Bishop Cr. Proc., Vol. 1, Sec. 264, A. and J.; 7 Conn., 236; Am. & Eng. Encl. of L., Vol. 2, p. 5; State v. Clark, 15 O., 596; Powell v. State, Id., 267; State v. Crippen, 1 O. St., 399; 3 O. St., 510; 21 O. St., 635; 4 Denio, 530; People v. Main, 20 N. Y., 434; People v. Miller, 2 Colo., 708; Dickenson v. State,.20 Neb., 72; Harris v. Simpson, 14 Am. Dec., 101; Wright v. State, 22 Tex. App., 692.)

GROESBECK, CHIEF JUSTICE.

This proceeding was reserved by the district court of Sheridan County for the decision of this court, under the statute, providing that when an important or difficult question arises in an action or proceeding pending before the district court in any county of this Territory (State) the judge of said court may on motion of either party, or upon his own motion, cause the same to be reserved and sent to the supreme court for its decision.  Chap. 66, Sess. Laws 1888.

An information was filed in the district court of Sheridan County accusing one Henry Krohne and others of grand larceny, committed in said county, as alleged, on March 15, 1892, by the county and prosecuting attorney of said county, without any preliminary examination of the defendant Krohne, in the vacation of the district court of said county, and this information was verified by the affidavit of M. L. Blake, as county and prosecuting attorney, the verification stating that he has been reliably informed and believes that the facts stated in the information are true.  This information was filed September 26, 1892, and the clerk of the court issued a warrant for the arrest of the defendants, including Krohne.  The following day Krohne was brought before the

clerk of the court and admitted to bail by him in the sum of one thousand dollars with the defendants in this action as sureties, conditioned for his appearance at the next term of the district court of said county, there to remain from day to day and not to depart without leave of court, and to abide the judgment of said court, whereupon Krohne was discharged. He failed to appear at the first day of said court next holden thereafter, the bond was declared forfeited, and proceedings in the nature of scire facias, were begun by the direction of said court against the defendant's sureties.   They appeared and excepted to the rule to show cause, alleging as grounds therefor, (1) that the information is in violation of the Constitution of the United States and of Section 4 of Article 1 of the constitution of this State, for the reason that no preliminary examination of Krohne, the principal on the bond, was had upon the charge set forth in the information, the same not having been waived, and because the information was not made upon probable cause supported by oath or affirmation or affidavit as required by the constitution of Wyoming;  (2) that the statute under which the information was filed is contrary to the constitution of this State and of the constitution of the United States, in that it deprives the said Krohne and the sureties defendant of liberty and property without due process of law; (3) that said information and all proceedings had thereunder are of no effect for the reason that no preliminary examination was had of said Krohne as required by the laws of this State, and (4) the information is void and all proceedings thereunder of no effect for the reason that the information and the statute under which the same was prosecuted is in violation of the 14th amendment to the constitution of the United States, in that it deprives the said Krohne of equal protection of the laws.   The court reserved the questions to this court for decision pursuant to the statute, supra.   Another question submitted on argument not directly embodied in the exceptions is, that the clerk of the district court for Sheridan County had no authority, although conferred by statute, to fix the amount of bail, and to let to bail Krohne, the principal on the bond.   It was stipu-

lated in the hearing before us that the following questions should be considered as reserved by the district court for our determination: First, whether or not the bail bond of the defendant Krohne is void for any of the reasons charged in the exceptions of the sureties; and second, whether the sureties are liable under said bond, and judgment should be rendered against them in this proceeding.

1. The authority of the clerk of the court to issue the warrant and to admit to bail was conferred by statute. Sec. 8, Chap. 59, Sess. Laws 1890-91. This section was repealed by Section 2 of Chap. 21, Sess. Laws 1893, but was in force at the time of filing the information, the issuance of the warrant thereon and the taking of the bail thereunder. It is contended that the statute was unconstitutional in permitting the clerk of the court in the vacation or recess thereof to take bail and fix the amount of such bail, as conferring upon the clerk judicial power. The case of Hall v. Marks, 34 Ill., 358, is cited in support of this contention, where the court held that a clerk could not render in vacation a judgment in default. In that case it seems that such was the practice of one of the circuit courts of Illinois, and it does not appear to have been warranted by statute. In some States such a practice obtains to allow the clerk to enter judgment in vacation, in certain cases of default, but this power I understand to be conferred by statute. Mr. Bishop says that: "Anciently the "sheriff, possessing judicial with ministerial powers, was the "principal bailing officer. In many of the States he may take "bail; in others not." 1 Bish. Cr. Proc., 3d Ed., Sec. 251, and cases cited. The following cases hold that sheriffs or clerks may take bail and some of them are to the effect that they can fix the amount thereof: Moss v. State, 7 Miss. (6 How.), 298; State v. Edwards, 4 Humph. (Tenn.), 226; State v. Brown, 32 Miss., 275; Blackman v. State, 12 Ind., 556; Commonwealth v. Roberts, 1 Duval (Ky.), 199; Antonez v. State, 26 Ala., 81; Evans v. State, 63 Id., 195; State v. Wyatt, 6 La. Ann., 701; State v. Gilbert, 10 Id., 524; State v. Jones, 3 Id., 10; Wallenweber v. Commonwealth, 3 Bush. (Ky.), 68; Schneider v. Commonwealth, 3 Met. (Ky.), 411;

McCole v. State, 10 Ind., 50; Dickinson v. Kingsbury, 2 Day (Conn.), 1; State v. Hendricks (La.), 5 So., 177; Ellis v. State, 10 Tex. App., 324; McClure v. Smith, 56 Ga., 439.

It was held in Kansas that when a court has failed to fix the amount of bail of a defendant, arrested upon a warrant issued upon information, and there is no district judge in the county, the clerk of the district court may fix the bail of the defendant, and this upon the ground that the statute so provided. State v. Schweiter, 27 Kan., 499; see People v. Kane, 4 Denio, 530; McCole v. State, 10 Ind., 50. In Ainsworth v. Ter., 3 Wash. Ter., 270, it was held that the judge of a criminal court of record might accept and approve a bail bond in vacation, even where the prisoner had been previously committed in default of bail and was in custody of the sheriff, as the statute authorized a judge at Chambers to determine all matters where a jury was not required, and in this case it was claimed that as the prisoner was held by the sheriff that that officer alone could accept bail. In Vermont a clerk of a county court issued a bench warrant upon an indictment in term time, returnable forthwith; this warrant was served in another county and the defendant was released in the county where it was issued, but re-arrested upon the second warrant issued by the clerk of said court in vacation, the court having adjourned after the first warrant was issued. It was held that the statute conferred the power to issue the warrant in term time or vacation, as circumstances might require, without an express order from the judges for the arrest of a person indicted, and for his detention for trial at the next term of court. The court say:

"If this seems to invest clerks with quasi judicial power, it "is not a new feature attaching to the office. At a very early "day certain of the clerks of the court of chancery performed "the duties which are now devolved upon masters in chancery. "They were to the number of twelve, distinguished from clerks "under them by the name of masters in chancery and were "the assistants to the chancellor, who referred to them inter- "locutory orders for stating accounts, computing damages, "and the like. In process of time, as business increased, the

"clerk whose duty it was to keep the records, or as formerly "called the rolls, became distinguished as master of the rolls. "11 Bouvier, p. 121.  So our rules of court and statutes have "long distinctly recognized the quasi judicial function in the "clerk in various ways; notably in the matter of assessment "of damages and taxing of costs.  The policy of legislation "with us has been constantly to enlarge the powers of clerks." In re Durant, 60 Vt., 176.

That the clerk of a district court may perform under our statutes quasi judicial functions has never been doubted. He may issue writs of attachment upon affidavits filed therefor, without submitting the same to a court or judge, and in vacation, without consulting a court or judge.  Other duties of like character have been imposed by statute upon the clerk for the convenience of suitors.  If a sheriff or a single judge in the recess or vacation of his court may constitutionally fix the amount of the bail and let to bail a defendant in a criminal case, I do not see why this power could not be conferred upon a clerk of the district court; the object of the statute is humane; it is for the benefit of the accused, as the court may not be in session or the judge thereof may be absent at the time of his application to be let to bail.  Judicial power cannot be conferred upon a single judge out of his court and at chambers, unless upon the theory that his court is kept open for such purposes.  Our statutes have long recognized this power in a judge in vacation, and of a clerk of a court to let to bail.  Rev. Stat. Wyo., 3204-3220; Chap. 30, Sess. Laws 1890.

2.  The information is assailed because it was verified upon the information and belief of the prosecuting attorney, and not made upon probable cause, support by oath or affirmation or affidavit, as required by the constitution of Wyoming. Our constitution provides that no warrant shall issue but upon probable cause, supported by affidavit, etc.  A number of cases have been cited holding that such a verification is insufficient under provisions similar to that in our constitution. In the matter of rules of court, 3 Woods (U. S. C. C.), 502;

Swart v. Kimball, 43 Mich., 443; State v. Gleason, 32 Kan., 245; Contra U. S. v. Eldridge (Utah), 13 Pac., 673.

It is not necessary to consider in this proceeding whether or not the information was insufficient on account of a defective verification, or because the arrest of the defendant upon a warrant issued upon such information was illegal, as I do not think the sureties had the right to raise those questions for their principal; although it was held by the supreme court of Kansas in State v. Gleason, 32 Kan., 245, supra, upon an exhaustive review of the authorities, that a verification upon hearsay and belief was not sufficient to authorize the issuance of a warrant for the arrest of a party therein charged, when no previous preliminary examination, and no waiver of the right of such examination had been had, and that a motion to set aside the warrant should be sustained, as such a verification was in violation of a section of the bill of rights in the constitution of the State, that no warrant shall be issued to seize any person but on probable cause, supported by oath or affirmation. The same court at the same term held that an information so verified was sufficient for every purpose except merely for the purpose of issuing a warrant for the arrest of the defendant, and that the case of State v. Gleason was in harmony with such ruling. It seems to have been held in People v. Shaver (N. Y.), 4th Park. Cr., 45, that it was a good defense to an action on a recognizance, that it was taken on an illegal arrest of a prisoner for whom the defendant in that suit became bail, yet this seems to be against the current of authority. A recognizance is not voided by the mere fact that the indictment is defective and liable to be quashed. Commonwealth v. Skeggs, 3 Bush. (Ky.), 19; Hester v. State, 15 Tex. App., 418; Jones v. State, Id., 82; U. S. v. Reese, 4 Sawyer (U. S. C. C.), 629; State v. Cocke, 37 Tex., 155; Reeve v. State, 34 Ark., 610.

So it has been held that the sureties upon a recognizance conditioned for the appearance of their principal at the next term of court to answer to a criminal charge, cannot come into court and question the sufficiency of the indictment without producing the body of their principal. State v. Rhodius,

38 Tex., 165;  Peck v. State, 23 Ark., 235, citing Williams v. State, 18 Ala. (?), 63.. In this last case cited the court used the following language:

"The recognizers (except the accused) have no connection "with the indictment, and the question of its regularity or ir-"regularity, in this respect, is wholly disconnected from their "undertaking.  They bind themselves that their principal "shall appear and answer the charge against him, and if he "fail to do so, the condition is broken, and they become liable "for the penalty."

See U. S. v. Wallace, 46 Fed., 569; Fleece v. State, 25 Ind., 384; Dilley v. State (Idaho), 29 Pac., 48, citing State v. Sutcliffe (R. I.), 17 Atl. Rep., 920; Jones v. Gordon (Ga.), 9 S. E. Rep., 782; Lee v. State (Tex. App.), 8 S. W. Rep., 277; State v. Hendricks (La.), 5 South Rep., 177; Brown v. People, 26 Ill., 28; Mix v. People, Id., 32; State v. Stout, 11th N. J. Law, 147.

The sureties on a bail bond or a recognizance each becomes a pledge and manucaptor for the principal on the bond or recognizance.  They are not the judges of the propriety or utility of the attendance of their principal at the court whither he is bound to appear.  The law refers all such questions to the court where he is required to repair, and the court alone has the power to decide whether the principal is bound to appear.  An elaborate review of the authorities upon this proposition is found in the case of Littleton v. State, 46 Ark., 413.  It was there asserted that the defendant, the principal on the recognizance, was illegally arrested in a certain county by the sheriff of another county, upon a warrant issued by a justice of the peace of the other county not in hot pursuit of the offender, the statute probably restricting the authority to execute a process by a sheriff to his county.  The bond was taken, however, by the sheriff in his own county, while the prisoner was in his custody, and while there was a charge pending against him for an offense cognizable before a magistrate who issued the warrant of arrest.  The court say: "Upon a trial "for the offense under the circumstances, or upon an applica-"tion by the prisoner to be released from imprisonment upon

"habeas corpus, the courts refuse to inquire into the manner "or circumstances of the arrest, even though it has been made "by force in a foreign jurisdiction." A number of cases are cited from different States in support of this position, nearly all of which were reviewed in the case of Kingen v. Kelley, 3 Wyo., 566, 28 Pac., 36, where the same doctrine was announced. The Arkansas court further say in this connection: "As the prisoner is entitled to discharge upon bail in every "case of misdemeanor, it is difficult to see what greater right "he has to have the court inquire into the manner or place of "his arrest, after release, than he had before. As it is a ques-"tion in favor of liberty, it would seem that the courts would "more readily inquire into the cause of his complaint while the "restraint is upon him. And so it has been held that after "bail in a criminal case no objection can be taken to the "manner of the arrest. Peck v. State, 63 Ala., 201; Stever v. "Stornberger, 24 Wend., 275; Springfield Man'f'g Co. v. West, "1 Cush., 388."

This decision further states that the duress of the principal is not a cause of defense by the sureties to a bail in a criminal case, because the law affords them no redress against their principal upon payment of their recognizance, the recognizance being a primary undertaking on their part, and it not being necessary that the prisoner should be a party to it, citing Tilson v. State, 29 Kan., 452; Highmore on Bail, p. 204; U. S. v. Ryder, 110 U. S., 729; Huggins v. People, 39 Ill., 241; Plummer v. People, 16 Id., 358, in which last case the test applied by the court where the principal pleaded his duress in the execution of the bond was whether he would have been released on habeas corpus at the time of executing the bond. It seems that where the sureties have received the benefit of the duress of the principal there has been a fundamental defect in the proceeding which led to the arrest that in effect rendered it void and the bond taken null, as where the magistrate taking the bond had no jurisdiction of the case and hence no authority whatever.

I am of the opinion that even though the arrest of the de-

fendant could be held illegal for the reason that the warrant issued for his arrest without probable cause, supported by affidavit, as the information was verified upon information and belief, such a defense can not avail the sureties in this proceeding, and that any objection to the information, either that it did not state an offense or was insufficiently verified must be overruled. This might have been waived by the accused if he had been on trial. The sureties are considered as jailors of their principal, of his own choosing, and the object of the State in requiring bail is not pecuniary compensation, but to compel the presence of the accused to the end that justice may be administered. Extraordinary remedies are provided by the State for the surrender of the accused by the sureties. As his pledgors, manucaptors and jailors they are bound to produce him in court, and they are considered responsible for his appearance there. Exacting the penalty of the bond is the punishment for neglect of this duty on their part, not for any act of the accused. The relation of principal and surety between the accused and his bail exists only in a qualified sense. It has been held by the Supreme Court of the United States that it is against public policy to aid the bail to relieve themselves from the punishment meted out to them for their neglect in failing to surrender their principal to justice. U. S. v. Ryder, 110 U. S., 729, supra.

3. It is shown by the exceptions, duly verified, that Krohne, the principal on the bond, had no preliminary examination previous to the execution of the bond, and that he had not waived the right to such an examination. The statute in force at the time of the execution of the bond and the institution of these proceedings provided that: "No information shall be filed against any person for felony until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, and shall have been held for trial by such court or officer, unless such person shall have waived his right to such examination; provided, however, that informations may be filed without such examination against fugitives from justice, and in misdemeanor cases not

punishable by a justice of the peace, or whenever the county and prosecuting attorney is satisfied that a crime or offense has been committed in his county." Sec. 7, Chap. 59, Sess. Laws 1890-91. With the exception of the last clauses of this section, it contains the provisions common to the statutes of such States as have adopted proceeding by information on the part of the prosecuting attorney in lieu of or as a concurrent proceeding with indictment against persons accused of criminal offenses. These statutes have generally made the exception to the rule requiring a preliminary examination previous to the filing of an information, in the cases of fugitives from justice and in misdemeanor cases cognizable before a justice of the peace. Such exceptions have not been assailed, and certainly have not been held a constitutional violation of the rights of the accused. The information referred to in the act, doubtless was intended to mean an information in the district court. In cases of fugitives from justice, under the act of Congress relating to their extradition or requisition the absconding accused may be demanded and surrendered upon the production of a certified copy of the indictment "or an affidavit made before a magistrate of the State or Territory" charging the person demanded with crime. R. S. U. S., Sec. 5278. The accusation may be made upon affidavit before a justice of the peace, without filing an information or securing an indictment against the fugitive, or without first having the preliminary examination before the magistrate. It has been the practice here, and doubtless in other jurisdictions, to secure fugitives from justice upon the affidavit made before a magistrate and to hold the preliminary examination upon their return in custody of the officer. Why an exception should be made in such cases is not clear, as the fugitive may be apprehended and secured in the first instance without any preliminary hearing of the evidence against him, except such as may be disclosed by the affidavit of accusation. It may be that it was considered that the provision was deemed necessary for secrecy and dispatch in order to more effectively prevent the escape of the fugitive, but it seems that the affidavit filed before the magistrate is as effective to secure this end as

the filing of an information in the district court. If the legislature can make one such exception dispensing with preliminary examinations before the institution of proceedings by information in the district court, why may it not constitutionally make another? The presumption of innocence is as strong in favor of a fugitive from justice as any other person accused of crime. And so far as the harshness of the proceeding is concerned, it unquestionably entails greater hardship upon one domiciled in another State to arrest him and bring him to the complaining State without a preliminary examination than it would upon one who was a resident of the same county as the officer who issued the warrant or filed the information. No objection seems ever to have been made to the provision excepting fugitives from justice from the rule requiring preliminary examinations of the accused prior to filing the information by the prosecuting officer. If this be conceded to be constitutional and due process of law, the conclusion is irresistible that the legislature may make any exception to the rule requiring the preliminary inquiry. The objectionable features of the law were that it provided that the information might be filed by the county and prosecuting attorney without such preliminary examination when he "is satisfied that a crime or offense has been committed in his county," or in misdemeanor cases not punishable by a justice of the peace.

This court condemned this first provision in the case of In re Wright, 3 Wyo., 478, 27 Pac., 565, although its validity was not before it, as a dangerous power to lodge in the hands of the prosecuting officer, but it was there said that it was not intimated how the matter would be decided when properly before us, but attention was called to it as a dangerous method of procedure. We are of the opinion that this provision of the statute was an extreme one, as it gave insufficient protection to the accused, and it has been so regarded after a short trial, as the legislature last in session eliminated the objectionable clause from the section, and it is happily no longer a menace to the rights of the citizen. But a harsh or extreme law may not be an unconstitutional one. If the rule were

established that only such legislation should be held constitutional as suited the peculiar views of judges, lawyers or a body of laymen, many solemn enactments would fall under the ban. It is the duty of a court to denounce as unconstitutional only such statutes as are clearly and palpably violations of the fundamental law. The objectionable clause might be deemed without investigation to be unique, permitting as it did a prosecuting officer, without any authority, to conduct a judicial inquiry, which would be of doubtful propriety and of as doubtful constitutionality if conferred by statute (In re Zeibold, 23 Fed., 791) by the examination of witnesses under oath touching a criminal charge before the accusation may be filed, without hearing any testimony under any of the rules governing even an ex parte tribunal, like a grand jury, but we have found similar statutes elsewhere, and they have been either upheld or vigorously criticized, but never denounced as unconstitutional.

In Indiana, criminal prosecutions by information of the prosecuting attorney, including all offenses intermediate between those within the original jurisdiction of justices of the peace and that of the grand jury, is permitted by statute, and the information is filed upon an affidavit lodged with the clerk of a court of record for the knowledge of the prosecuting attorney or deposited with him. This statutory practice has been upheld by the courts of that State, and is not considered of doubtful constitutionality. See State v. Boswell, 104 Ind., 541, where it was held that the constitution authorized this method, but that it could only be followed where authorized by statute. In Missouri the constitution provides for procedure by indictment in felonies, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger, and that in all other cases, offenses shall be prosecuted by indictment or information as concurrent remedies. The method of procedure by information in Missouri is similar to that in Indiana, and is regulated by statute. No preliminary examination is necessary. The prosecuting attorney proceeds upon the affidavit filed either with him or the clerk of some court of record. This statute

has been upheld, and has never been questioned as unconstitutional. It has been held that the affidavit alone is not sufficient where made by a private person, but that the information must be filed by the prosecuting attorney. State v. Huddlestone, 75 Mo., 667; State v. Sebecca, 76 Id., 55; State v. Kelm, 79 Id., 515; State v. Briscoe, 80 Id., 643. The last two cases cited bear upon the question here and the English common law relating to the practice by informations, and in State v. Kelm, in declaring that no private citizen should be intrusted with the power to lodge an accusation upon his own affidavit, the court say: "The injustice and abuse of such process, left at the caprice, spite, or malice of one not under the sanction of official duty, is apparent, and therefore, the framers of the constitution employed the term 'information' without more, well understanding its common law import and meaning. And we are not authorized, nor is the legislature, to extend its meaning and use."

In the case of In re Dolph, 28 Pac., 470, the supreme court of Colorado held that due process of law in a prosecution for felony, does not necessarily include an indictment by a grand jury, and that the crime may be prosecuted by information where the probable guilt of the accused has been duly ascertained and certified by a previous preliminary examination. After stating that such a previous inquiry had been had antecedent to the information, and detailing the steps required by the statute of Colorado, in such initial inquiry, as to the probable cause of the guilt of the accused by a magistrate, Elliott, J., says: "Such are the safeguards for the protection of persons accused of crime, by the provisions of the act under consideration. As all these requirements have been observed in the petitioner's case, the objection that he has been deprived of his liberty without due process of law is not, in our judgment, sustained. Whether an information filed in a case where the accused had not been previously bound over or committed upon a preliminary examination, should be regarded as due process of law is a question which need not be determined, since the provisions of the statute applicable to the present controversy are distinct and separate from

those providing for information in other cases." So it was held by the court in the case of In re Humason, 46 Fed., 388, where the provisions of the statute of Washington were before the United States district court for the eastern district of that State. It provided for prosecution by information by the prosecuting attorney without previous preliminary examination and is very broad. The court strongly intimated that such a practice was arbitrary and despotic and that arbitrary power in a single individual to bring a citizen into court, and place him on trial for a crime, may be so contrary to the spirit of the fourteenth amendment of the federal constitution as to be considered obnoxious to the provisions of that article; and it further remarks: "This court will not affirm to the contrary in the decision in this case—it is unnecessary to do so." It was held that as the act gave power to the prosecuting attorney to file informations in cases in which persons have been accused of crime before a committing magistrate, and admitted to bail or held in custody while awaiting trial, and that other statutes gave authority to magistrates to hold such examinations, just such proceedings as were held constitutional and valid in the leading case of Hurtado v. People, 110 U. S., 516, and the petitioner for the writ of habeas corpus not showing affirmatively that he was not proceded against under such provisions of the act providing for preliminary inquiry before the information was lodged against him, the writ was denied. Although these cases intimate very clearly that the courts have regarded with much dislike a proceeding by information by a single official without a previous judicial inquiry as to probable cause of guilt, as we did in the case of In re Wright, supra, it has never been held, in any case which we have found after the most diligent search that such a provision however caustically it has been condemned as unwise or harsh, is obnoxious to the constitutional guaranty that no person shall be deprived of life or liberty without due process of law, or any other constitutional safeguard erected for the protection of the citizen.

The matter was directly before the court in the case of Swart v. Kimball, 43 Mich., 443, where the act of 1857 pro-

vided for procedure by indictment or by information, without previous preliminary examination, for trespasses on the public lands. It was said that the general law providing for procedure by information after such inquiry passed two years later but in force long before the commission of the alleged offense, might not apply to such special offenses, and that the special act might govern. The special act was denounced as unconstitutional, for the reason that it undertook to authorize a trial in some other county than that where the offense was alleged to have been committed, as not affording the accused a trial by the jury of the vicinage; but although the court speaks of the omission of the provision for a previous preliminary examination before lodging the information, as a "poor and insufficient provision" and of the act generally as regardless of private rights, it was not held unconstitutional for this reason. The act provided that the charges should be verified by the affidavit of some credible person, but the verification was upon information and belief, and so it was held that the act, declared unconstitutional, oppressive and void as providing for a trial by a jury other than that of the vicinage, was not followed. The distinction was made between the case and that of Washburn v. People, 10 Mich., 372, as to the verification of the information. In the latter case, the verification of the prosecuting attorney on information and belief was held good after there had been a preliminary examination, while in the former case it was held that no such inquiry had been had.

Mr. Bishop says: "Except by force of some statutory pro-"vision not found generally in our States, the preliminary "examination is not necessary; being a mere expedient to pre-"vent 'the suspected person from escaping, or 'for preserving "the evidence, or keeping the witnesses within control. But, "in a few of the States, the preliminary examination must, "by statute, precede the indictment in particular cases, or in "all." 1 Bish. Crim. Proc., 239a.

After a careful examination of the case, on the authorities presented and on many we have found ourselves, we come to the conclusion that the information, under the law as it then

was, could be filed by the prosecuting attorney without a previous preliminary examination or judicial inquiry of the accused on a similar accusation, and that the law authorizing such action was not unconstitutional and void.

We, therefore, answer the questions reserved to us by the district court of Sheridan County as follows:

First. The bail bond of Krohne is not void for any of the reasons charged in the exceptions of the sureties, and which have been urged in this court, and

Second. That the sureties are liable under said bond, and judgment should be rendered against them in this proceeding.

The clerk of this court will transmit a certified copy of this opinion to said court, with the order herein, and it is directed to proceed to render judgment against the sureties to the bond.

CONAWAY and CLARK, JJ., concur.