[No. 15425. Department Two. August 18, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
ETHEL G. WHALEN, *Appellant,*
JAMES A. DONOVAN *et al.,*
*Defendants.*[1]

BAIL (6)—DISCHARGE. Forfeiture of a bail bond cannot be defeated for duress and want of consideration, where the information under which the principal was arrested and held charged a crime and he was not entitled to discharge without trial.

WITNESSES (96)—PRIVILEGE—WAIVER. ' Rem. Code, § 6262-13, providing that no person shall be prosecuted on account of any transaction concerning which he shall be compelled to testify, does not render a witness immune from prosecution where he testified voluntarily and made no claim of privilege; and in such case, sureties on his bail bond cannot claim the privilege to evade forfeiture of the bond.

Appeal from an order of the superior court for Spokane county, Webster, J., entered January 28, 1919, forfeiting the bail of a defendant charged with larceny. Affirmed.

*Robertson & Miller* and *Mulligan & Bardsley,* for appellant.

*Joseph B. Lindsley,* for respondent.

[1]Reported in 183 Pac. 130.

MOUNT, J.—This is an appeal from an order forfeiting the bail of J. T. Whalen.

The facts are not disputed. They are as follows: One James A. Donovan was charged in the justice court with unlawfully having in his possession one hundred and seventy-five pints of whiskey with intent to sell the same. When that case was tried before the justice of the peace, J. T. Whalen was subpoenaed as a witness on behalf of the state and testified therein voluntarily without claiming any privilege or immunity. After that trial, the prosecuting attorney filed an information in the superior court, charging both Donovan and Whalen jointly with the larceny of the one hundred and seventy-five pints of whiskey. Whalen was arrested and placed in jail. His bail was fixed at two thousand dollars, and the appellant, Ethel G. Whalen, supplied the bail by depositing in her own name two thousand dollars cash. Whalen was thereupon released. Thereafter he filed his plea in the superior court, claiming exemption and immunity from prosecution because of the testimony which he had given upon the trial of James A. Donovan in the justice court. The prosecuting attorney filed a replication to the plea and set up a transcript of the evidence given before the justice of the peace; and, upon a hearing of this plea, the superior court denied the plea and the case was set for trial before a jury on the 13th day of January, 1919. Mr. Whalen did not appear for the trial, and the prosecuting attorney moved the court to forfeit the bail deposited by the appellant. Objections were made to this motion by counsel for Ethel G. Whalen, because it was claimed the information did not charge a crime against Whalen, that Whalen was immune from prosecution, and that the bond was without consideration and given under

duress. These objections were denied and the bail was forfeited.

Ethel G. Whalen appeals from that order and makes the same contentions here that were made to the lower court at the hearing upon the motion for the forfeiture of the bail. The contention that the bond was without consideration and given under duress is based upon the contention that the information does not charge a crime against Whalen. We have held in the case of *State v. Donovan, ante* p. 276, 183 Pac. 127, that this particular information does charge a crime. The case of *State v. Lewis,* 35 Wash. 261, 77 Pac. 198, was a case where we held that sureties upon a bail bond were released because Lewis in that case was entitled to be discharged without trial. In the case of *State ex rel. Grass v. White,* 40 Wash. 560, 82 Pac. 907, 2 L. R. A. (N. S.) 563, we held that cash deposited in lieu of bail could not be forfeited where the party was arrested without authority of law or any charge being made against him, and that he was entitled to his discharge as a matter of right. Those two cases, relied upon by the appellant, have no application to this case, because here the information charges a crime and the defendant was, therefore, not entitled to discharge without trial.

Appellant also argues that Mr. Whalen was immune from prosecution, even if the information does charge a crime, and bases this contention upon the statute, which is as follows:

"In any action or proceeding under this act or under any other law relating to the unlawful disposition or possession of intoxicating liquor, no person shall be excused from testifying in any court or before any grand jury, on the ground that his testimony may incriminate him, but no person shall be prosecuted or

punished on account of any transaction or matter or thing concerning which he shall be compelled to testify, nor shall such testimony be used against him in any prosecution for any crime or misdemeanor, under the laws of this state." Laws of 1915, ch. 2, p. 9, § 13 (Rem. Code, § 6262-13).

This statute is plain to the effect that no person shall be excused from testifying in any court on the ground that his testimony may incriminate him, but such person shall not be punished on account of any transaction concerning which he shall be compelled to testify. Appellant argues that, under this section, Mr. Whalen was immune from prosecution because he testified in a justice of the peace court concerning the possession of this same liquor which he is charged in this action with having stolen. Appellant relies upon the case of *Brown v. Walker,* 161 U. S. 591, and the cases therein cited, particularly *Ex parte Cohen,* 104 Cal. 524, 38 Pac. 364, 43 Am. St. 127, 26 L. R. A. 423. These cases were both cases where the accused parties had claimed their privilege and had been compelled to testify by an order of court. The record is plain in this case that Mr. Whalen testified voluntarily. He made no claim of privilege upon the ground that his testimony might incriminate him, or upon any other ground. In short, he was not compelled to testify, and we are of the opinion that he cannot now claim the immunity provided for in that statute. The statute is specific that he must be *compelled* to testify. If the statute intended that a person shall be immune from punishment when he shall testify, the word "compelled" is entirely superfluous. We must assume that the legislature, in passing this act, meant what it said. The great weight of authority is to the effect that a person may waive his privilege, and, when he does so, he cannot thereafter claim it. *State v. Murphy,* 128 Wis. 201, 107

N. W. 470; *Scribner v. State,* 9 Okl. Cr. 465, 132 Pac. 933, Ann. Cas. 1915B 381; *Tague v. State,* 174 Pac. (Okl.) 1106; *State v. Sureties of Krohne,* 4 Wyo. 347, 34 Pac. 3.

In the case of *Scribner v. State, supra,* many authorities are collected and discussed, and the court there said, upon this point, at page 484:

"A witness cannot voluntarily answer such questions and at the same time claim the immunity granted. It cannot be logically said that a right can be waived and asserted by the same act. In other words, compulsion is a condition precedent for immunity."

It is plain, therefore, that, since Mr. Whalen at the time he testified did so voluntarily without claiming his privilege, and since he was not compelled to testify, he cannot now claim the privilege. Nor can his sureties claim it for him. *State v. Sureties of Krohne, supra.*

Since the information states a crime against Mr. Whalen, and since he failed to appear at his trial which was set for a given date, the trial court properly forfeited the bail.

The order appealed from must therefore be affirmed.

HOLCOMB, C. J., PARKER, FULLERTON, and BRIDGES, JJ., concur.