## UNITED STATES v. MOORE et al.

(District Court, D. Oregon. November 7, 1926.)

**1. Criminal law ⚖══42.**

Defendants, accused of conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.), are entitled to immunity under section 30, tit. 2, thereof (Comp. St. § 10138½q), after being subpœnaed and testifying in case involving violations thereof, notwithstanding one overt act occurred after trial.

**2. Criminal law ⚖══42.**

Witnesses testifying before grand jury in obedience to subpœna are entitled to benefit of National Prohibition Act, tit. 2, § 30 (Comp. St. § 10138½q), giving them immunity from prosecution.

**3. Witnesses ⚖══305(1).**

Under National Prohibition Act, tit. 2, § 30 (Comp. St. § 10138½q), immunity of witnesses testifying before grand jury is not waived by their failure to claim their privilege and refusal to testify.

Prosecution by the United States against Roy Moore and others, wherein defendants interposed pleas in bar. Pleas sustained.

Joseph O. Stearns, Jr., and Millar E. McGilchrist, Asst. U. S. Attys., both of Portland, Or.

Martin L. Pipes, Wm. N. Gatens, John M. Pipes, Walter Critchlow, and Francis A. McMenamin, all of Portland, Or., for defendants.

BEAN, District Judge. There were submitted yesterday afternoon pleas in bar by defendants Moore and others, on the ground that, having, in obedience to subpœna, testified for the government in the Christensen Case and before the grand jury, they are entitled to immunity from prosecution on the present indictment by virtue of section 30 of title 2 of the National Prohibition Act (Comp. St. § 10138½q), which declares that no person shall be excused, on the ground that it may incriminate him, or subject him to penalty or forfeiture, from attending or testifying, or producing books, papers, documents, or other evidence, in obedience to a subpœna, in any suit or proceedings based upon or growing out of any alleged violations of the act; but no natural

15 F.(2d)—38

person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpœna and under oath, he may so testify or produce evidence; but no person shall be exempt from prosecution or punishment for perjury committed in so testifying.

This statute is substantially a reproduction of a similar provision in the Interstate Commerce Act (Comp. St. § 8563 et seq.), which has been construed by the Supreme Court. The Constitution provides that no person shall be compelled to testify or give evidence in a criminal prosecution against himself. It was held by the Supreme Court that the act of Congress providing that no pleading of a party nor any discovery of evidence obtained from a party or witness should be given in evidence or in any manner used against him in any criminal proceeding, etc. (section 860, R. S.), did not afford a witness the complete protection guaranteed by the Constitution, because it would not prevent the use of his testimony to search out other evidence to be used against him or his property in a criminal prosecution. Counselman v. Hitchcock, 142 U. S. 585, 12 S. Ct. 195, 35 L. Ed. 1110. It could not, the court said, prevent obtaining and using against the witness evidence which could be attributed directly to the testimony he might give under compulsion, and on which he might be convicted, when otherwise, and if he had refused to answer, he could not possibly have been convicted.

In view of that ruling, Congress embodied in the Interstate Commerce Act a provision almost identical in language with that in the Volstead Act (Comp. St. § 10138¼ et seq.). After its passage a witness was called to testify, but declined to do so on the ground that his testimony would incriminate him. He was committed for contempt and sued out a writ of habeas corpus. The Supreme Court ruled that he must testify, because the statute granted him immunity from prosecution for anything to which he might testify, or which might be disclosed by reason of his testimony. In the opinion it is said that the act securing a witness immunity from prosecution is virtually an act of general amnesty, and belongs to a class of legislation that is not uncommon either in England or in this country; that it completely shields a witness against any criminal prosecution that may be aided directly or indirectly by his testimony, and operates as a pardon for the offense to which it relates, and therefore

is not in conflict with the Constitution of the United States. Brown v. Walker, 161 U. S. 593, 16 S. Ct. 644, 40 L. Ed. 819.

Congress, no doubt having in view the ruling in Brown v. Walker, embodied in the Volstead Act a provision almost identical in language with that before the court for construction in that case. It is therefore but fair to say that it intended that it should be similarly construed. The purpose of it is perfectly apparent: It is to enable the government by subpœna to compel a witness to testify in a case based upon or growing out of an alleged violation of the Volstead Act, whether he is willing to do so or not, and it guarantees him immunity from prosecution, not only for what he testifies to, but for any violation by him of the act, that the government may be able to ferret out by reason of the testimony that he gives.

[1] Now in this case the indictment charges that about the 1st of August, 1924, the defendants entered into a conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.) by manufacturing, selling, transporting, and possessing intoxicating liquors. There are eight overt acts alleged, seven of which occurred at dates prior to the trial of the Christensen Case. It is claimed by the government that the immunity statute does not apply to prosecution for conspiracy to violate the Prohibition Act. That to my mind would be a strained construction under any circumstances, and is particularly not applicable here, because the overt acts charged in the indictment, and upon which the government must rely for a conviction, are violations of the Prohibition Act. Any testimony given, therefore, by defendants in obedience to a subpœna and on behalf of the government, tending to prove the overt acts charged in this indictment, would be relevant to the present inquiry.

It is said that, because one overt act is charged to have been committed after the testimony was given in the Christensen Case, the defendants can nevertheless be prosecuted under the present indictment, and that this testimony does not afford them immunity. The vice in that position is that the government must first prove the conspiracy, which it alleges was entered into about the 1st of August, 1924, and was therefore in existence at the time the defendants testified in the Christensen Case. Any information that the government may have received from their testimony in that case, which would tend to prove the conspiracy charged in the present indictment, would be pertinent. The fact that the conspiracy was continued, and one overt act committed after the testimony was given, would not change the issue.

The record shows that Moore and Robinson were subpœnaed by the government and testified as witnesses on its behalf in the Christensen Case, which was a charge of conspiracy to violate the Prohibition Act. They disclosed by their testimony their connection with sundry liquor violations covering a period of some 22 months, and must necessarily have uncovered the alleged conspiracy now charged, or aided the government by using the information thus obtained to do so.

[2] The other defendants testified before the grand jury which returned the present indictment, in obedience to subpœna, and some of them testified that they rented their farms to be used for the maintenance of a still, and one of the others that he sold to the codefendants' materials and supplies. Having testified for the government in obedience to a subpœna, they are entitled to the benefit of the statute which gives them immunity.

[3] There are, I know, some decisions of District Courts to the contrary; but, in view of the construction given the statute by the Supreme Court, it seems to me clear that the court is forced to the conclusion that the pleas in bar are good. It is said that defendants are not entitled to immunity, because they did not, when called as witnesses, claim their privilege and refuse to testify. That would have been a useless act on their part, because they were compelled to testify, whether they wanted to or not. Such was the ruling in the Brown Case. It cannot be said that they waived their privilege when they appeared in obedience to subpœna and testified for the government. They had no alternative but to comply with the subpœna. Having done so, the government is not in position now to charge Moore or Robinson with a conspiracy to violate the Prohibition Act, which was in existence at the time they testified, or prosecute them because the particular acts charged in this indictment were not involved in the other case.

As to the other defendants, I am clear that the government cannot subpœna witnesses to testify before the grand jury concerning an alleged violation of the Volstead Act, and then prosecute them criminally for their connection therewith. It is said that some of the defendants did not testify

as the government expected them to, but that can make no difference as far as their immunity is concerned. They were subpœnaed as witnesses and testified in obedience thereto.

In my opinion, the pleas are good.