## BRADY v. UNITED STATES (two cases).
### Nos. 8667, 8668.

Circuit Court. of Appeals, Eighth Circuit.
Feb. 27, 1930.

C. C. Putnam, of Des Moines, Iowa (Paul H. Williams, of Des Moines, Iowa, on the brief), for appellant Neal Brady.

Walter F. Maley, of Des Moines, for appellant William Brady.

Frank F. Wilson, Asst. U. S. Atty., of Mount Ayr, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

Neal Brady, William Brady, and James Kinney were jointly indicted on six counts charging separate violations of the National Prohibition Act (27 USCA).

Counts 1, 2, 3, and 4, respectively, charged all defendants jointly with an unlawful sale of intoxicating liquor; count 5 charged all defendants jointly with unlawfully, willfully, and knowingly having in their possession intoxicating liquor; count 6 charged all defendants jointly with the offense of, on the 1st day of April, 1929, willfully and knowingly maintaining a common nuisance in the Polyclinic Drug Store in the city of Des Moines, Iowa.

All defendants pleaded not guilty, and trial was had to a court and jury, resulting in the conviction of Neal Brady on counts 1, 2, 3, 5, and 6, and the other defendants on counts 1, 2, 3, and 6.

Neal and William Brady make separate appeals, but the record is joint. Arguments and briefs, though separate, are mainly the same, and the two cases were submitted together. James Kinney does not appeal.

Both appellants assign numerous errors, which are in the main identical and equally applicable to both cases. In view of the conclusion we have reached, many of the assignments become unimportant and not likely to again arise in the further disposition of these cases; therefore we notice only such as are necessary to this opinion.

The first is the overruling by the lower court of identical demurrers challenging the constitutionality of section 1, tit. 2, of the National Prohibition Act (27 USCA §§ 4, 5), as amended by an Act approved March 2, 1929 (27 USCA § 91), commonly known as the Jones-Stalker Act, under which the first four counts of the indictment are laid. The theory is that, because of the maximum penalties provided therein, it violates the Eighth Amendment to the Constitution prohibiting excessive fines and cruel and unusual punishment. The maximum penalty is five years' imprisonment and a fine of $10,000. We think this assignment to be without merit.

Next, error is assigned on the overruling by the lower court of identical motions for severance and separate trials, filed immediately prior to the beginning of the trial, and based on the ground that, though jointly indicted for identical offenses, their defenses were in fact different and so antagonistic that, if the government should introduce evidence under the various counts, such evidence, though it might be competent against one defendant, would be incompetent, hearsay, and prejudicial to the rights of the other defendants and thus deprive said defendants of a fair and impartial trial to such an extent that no admonition to the jury would remove the prejudice created by the reception of such evidence.

The granting or denial of a motion for separate trials rests in the sound discretion of the trial court, and is reviewable only for abuse thereof. We do not think the denial of the motions at the time made, was error, for neither the indictment nor the motions before the court clearly indicated that the defenses of the various defendants would necessarily be antagonistic or that any of the defendants would necessarily be prejudiced by their joint trial. However, the record shows proceedings during the trial apprising the court of some facts tending to support the allegations contained in the motions for severance, which have caused us to carefully consider and analyze the whole record and the actual situation before the trial court. To quote the pertinent parts of the record and the argument pro and con would considerably lengthen this opinion and serve no useful purpose. We recognize the law to be as contended by appellants, viz. that the granting of a motion for severance and separate trial rests in the sound discretion of the trial court and is subject to review for the abuse thereof resulting in prejudice to the moving defendant; but what constitutes such abuse must necessarily depend largely upon the whole situation as shown by the record in each particular case. When so considered, we think no plain abuse of discretion is shown.

■■ At the close of the government's case, both appellants moved the court to direct a verdict in their favor on each of the six counts in the indictment, and on the overruling thereof by the court appellants renewed said motions at the close of all the testimony, preserved their exceptions on the overruling thereof, and now assign error thereon. As to count 4, the question is moot, for the jury acquitted all defendants on that count. And the same is true as to William Brady on count 5. As to counts 1, 2, 3, and 6, on which both appellants were convicted, we think there was sufficient evidence to warrant the court in submitting the same to the jury. The government's evidence to sustain count 5, briefly stated, is that on the 29th day of March, 1929, prohibition agents Moon and Cassidy, while engaged in a search of the premises, found in the basement of the drug store a ginger ale bottle containing about six ounces of alcohol and four empty alcohol cans, which they said looked like cans in which bootleg alcohol was usually contained, and one of which smelled of alcohol. The ginger ale bottle containing the alcohol was found on the floor in the northwest corner of the basement. Appellant Neal Brady testified that he never had possession thereof nor any knowledge of it being in the basement; that he had never seen it until it was shown to him by the searching prohibition agents; that he did not remember of being in the basement since November, when he left for Florida the first time, but that he did have a colored porter that looked after the basement. We think the bare fact that six ounces of alcohol in a ginger ale bottle was found on the floor in the northwest corner of the basement of the premises described, in view of the other circumstances referred to, hardly sufficient to furnish that degree of proof required to sustain this count. The motion to direct a verdict as to count 5 should have been granted.

■ During the trial of the case, William Brady and James Kinney were subpoenaed by appellant Neal Brady as witnesses in his behalf. The record shows they were called by Neal Brady to testify in his behalf. Thereupon they objected to testifying, and claimed their constitutional privilege, on the ground that their testimony would tend to incriminate them. The objections were sustained by the court and exceptions preserved, and it is now assigned by appellant Neal Brady as error, on the theory that, under the provisions of section 30, tit. 2, of chapter 85, of the National Prohibition Act (27 USCA § 47), a witness duly subpoenaed is not ex-cused from testifying on the ground that it may tend to incriminate him or subject him to penalty or forfeiture. Section 30, tit. 2, c. 85:

"No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to a subpoena of any court in any suit or proceeding based upon or growing out of any alleged violation of this chapter; but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpoena and under oath, he may so testify or produce evidence, but no person shall be exempt from prosecution and punishment for perjury committed in so testifying."

Literally construed, this section does apply to all witnesses subpoenaed to testify with reference to any alleged violation of the prohibition laws, but we are clear that properly construed it applies only to witnesses subpoenaed by the government.

Appellant Neal Brady cites, as authority for his contention, the case of Gatterdam v. United States (C. C. A.) 5 F.(2d) 673. This case does not attempt to construe the statute. It only points out that in that case no showing was made that the witness was there in obedience to a subpoena. No construction of the statute was therefore required. There is, however, abundant authority, both in reason and court decisions, to the effect that it applies only to witnesses subpoenaed by the government. United States v. Ernest (D. C.) 280 F. 515; United States v. Ward (D. C.) 295 F. 576; United States v. Moore (D. C.) 15 F.(2d) 593. The ruling, therefore, was not error.

■ The next and controlling assignment of error before us on proper exceptions relates to the admission in evidence over appellants' objections of Exhibit 10, which is an affidavit of A. J. Cassidy, who testified as a witness on behalf of the government. In this affidavit, subscribed and sworn to on the 29th day of March, 1929, Cassidy purported to relate in narrative form his movements, transactions, and doings on the 27th and 28th days of March in and about the drug store of the appellant Neal Brady. Relating what he had observed at about 6:30 p. m. on March 27th in this store, in this affidavit he says: "I saw Whitteberry hand this unknown man some money, this man walked to the corner of West

.10th and Grand Ave., and entered the Polyclinic drug store; conversed less than half a minute with a man in back of the counter at said drug store; this man back of the counter was slightly bald; there was an exchange between these two men and the informant left said drug store with a package in his hand; informant handed the aforesaid package to agent Whitteberry who was standing in front of said college (Capitol City Commercial College); informant departed and I walked over to where Agent Whitteberry was and we got in our car and found the package to contain a half pint of alcohol, unlabeled; tasted said alcohol and say that it contained more than a half of one per cent. alcohol by volume. That on March 28, 1929, at about 12:45 Noon I parked my car on the corner of 10th St. and Grand Ave., Des Moines, Iowa, and watched Agent W. A. Whitteberry and the aforesaid informant enter Polyclinic drug store; I entered the drug store a moment or so later; introduction of Agent Whitteberry to Mr. Brady apparently had just been made; as informant was leaving the drug store. I stepped to the cigar counter while agent Whitteberry was talking to Mr. Brady and fearing to interrupt the deal I moved to the soda fountain; where I ordered a drink, and seated myself in such a position as to permit a view of Agent Whitteberry in the mirror. Agent Whitteberry was handed something by the clerk in this store and Mr. Whitteberry left the store; I followed shortly after, and proceeded to the Federal Bldg., Des Moines, Iowa, where Mr. Whitteberry produced a half pint bottle of alcohol wrapped in pink paper."

This affidavit was, of course, hearsay, but the government claims that it was made admissible because counsel for the appellant Neal Brady inquired at length relative to an affidavit Cassidy had made concerning the transaction on the 29th of March seeking to impeach the witness or show that he was mistaken in claiming that he recognized Neal Brady as the person who delivered the alcohol described in one of the counts of the indictment. If it be true, as claimed by the government, that the witness had made two affidavits, this would certainly not make the contents of the affidavit competent, even though it might have been proper to show that two affidavits had been made. The admission of this affidavit was violative of the most elementary rules of evidence. It amounted to permitting a witness to corroborate his testimony by producing an ex parte statement he had made out of court, which

once admitted in evidence might well have weighed heavily with the jury to the prejudice of appellants. The admission of this exhibit we think reversible error, for which both cases must be reversed and remanded for a new trial, and it is so ordered.