## UNITED STATES v. AMERICAN MEAT INSTITUTE et al.

### No. 32776.

District Court, N. D. Illinois, E. D.

June 3, 1942.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., and Daniel B. Britt, 2d Asst. to Atty. Gen., for the Government.

C. J. Faulkner, Jr., Weymouth Kirkland, John P. Barnes, A. L. Hodson, and R. F. Feagans, all of Chicago, Ill., for Monia.

Winston, Strawn & Shaw, of Chicago, Ill., for Williams.

HOLLY, District Judge.

Defendants were indicted charged with conspiracy to violate the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7. Defendants; Williams and Monia, each filed his plea in bar setting up that in response to a subpoena he had appeared before the grand jury which had returned this indictment and given sworn testimony substantially concerning the matters on account of which he was named as defendant, and asserting that under the provisions of Sections 32 and 33 of Title 15 of the United States Code, U.S.C.A. Title 15, §§ 32 and 33, he was immune from this prosecution. The Government has demurred to the pleas.

■ The statutes on which the defendants rely read as follows:

"Immunity of witness. No person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, in any proceeding, suit, or prosecution under sections 1 to 27, inclusive, of this chapter [1–7 of this title and all Acts amendatory thereof or supplemental thereto, and sections 8–11 of this title]: Provided, That no person so testifying shall be exempt from prosecution or punishment for perjury committed in so testifying. Feb. 25, 1903, c. 755 § 1, 32 Stat. 904." 15 U.S.C.A. § 32.

"Immunity extended to natural persons only. Under the immunity provisions in section 32 of this title, immunity shall extend only to a natural person who, in obedience to a subpœna, gives testimony under oath or produces evidence, documentary or otherwise, under oath. June 30, 1906, c. 3920, 34 Stat. 798." 15 U.S.C.A. § 33.

Following the plain words of the statute it would seem clear that neither of these defendants can be prosecuted on account of the matters and things concerning which he testified before the grand jury. But the government says it is not bound by the words of the Act, we must read something else into it; what Congress intended was that only those persons are entitled to the benefit of the statute who, before testifying, declare to the court that they refused to testify on the grounds of self incrimination and are thereafter required to testify.

■ It is a novel proposition that a criminal statute may be modified by reading into it something that would make conduct criminal, which, giving to the words of the statute their plain meaning, was not criminal, or which would take away from one charged with crime a privilege granted in plain and unambiguous words.

Counsel would have us read this statute in the light of the Constitutional provision against self incrimination and the decisions of the court construing that provision. To so construe such a statute would be to lay a trap for the unwary. One called to testify before a grand jury is entitled to rely on the words of the Act, which are quite plain, and not upon some ingenious construction worked out by learned counsel from the Constitution and prior decisions of the court.

In United States v. Wiltberger, 5 Wheat. 76, 5 L.Ed. 37, the defendant had been indicted for manslaughter, the offense having been committed on board an American vessel in the river Tigris, in the empire of China, about 100 yards from the shore and below the low water mark, thirty-five miles above the mouth of the river. The section of the statute upon which the prosecution was based provided for prosecution of one who committed manslaughter upon the high seas. Evidently the homicide was not committed upon the high seas but the Government contended for a construction of the whole act which would engraft the words of the 8th section, descriptive of the place in which murder might be committed, on the 12th section, which described the place where manslaughter might be committed. Act April 30, 1790, 1 Stat. 112. This transfer of the words of one section to the other, it was contended would express the obvious intent of the legislature. Passing upon this contention the court said, at page 95 of 5 Wheat., 5 L.Ed. 37: "The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of words, especially, in a penal act, in search of an intention which the words did not themselves suggest."

Judge Hutcheson, sitting in the District Court, in a well reasoned opinion, United States v. Pardue et al., 294 F. 543, held that a plea which set out facts substantially the same as those in the present case presented a bar to prosecution on account of matters testified to before the grand jury. To the same effect are United States v. Goldman,

D.C., 28 F.2d 424; United States v. Ward, D.C., 295 F. 576; United States v. Moore, D.C., 15 F.2d 593. I am aware that there are decisions to the contrary[1] but I cannot agree with them.

The demurrer to the pleas will be overruled. An order accordingly will be entered June 3, 1942.

---

[1] United States v. Skinner, D.C., 218 F. 870, is the leading case contra. Many of the cases cited by counsel for the Government did not involve the statute here under consideration.