[No. 42707. En Banc. November 21, 1973.]

THE STATE OF WASHINGTON, *Petitioner*, v. CHARLES O. CARROLL *et al.*, *Respondents*.

*Christopher T. Bayley, Prosecuting Attorney,* by *Norman K. Maleng, Chief Deputy,* for petitioner.

*Clinton, Andersen, Fleck & Glein, James A. Andersen, Carney, Stephenson, Siqueland, Badley & Smith, Basil L. Badley, Carroll, Rindal, Caplinger & Kennedy, Joel A. C. Rindal, Walthew, Warner, Keefe, Aaron, Costello & Thompson,* and *Thomas P. Keefe,* for respondents.

HAMILTON, J.—In 1971, a grand jury was convened in King County for the purpose of investigating possible bribery and corruption among police and public officials. As a result of such investigations, several indictments issued. The six defendants-respondents[1] in the instant matter were subpoenaed to attend upon and did testify under oath before the grand jury. Each was advised, before testifying, of: (a) the purpose of the investigation, (b) their right to counsel, and (c) their right to remain silent.

[1] Albert Kretchmar, Robert D. McNeilly, William F. Moore, Frank C. Ramon, H. R. Swindler, and William J. Walsh.

Respondents were subsequently indicted. Each was charged with offenses in the nature of or offending against the laws relating to bribery or corruption. All joined in a motion to dismiss the indictments upon the basis that, pursuant to RCW 9.18.080 and RCW 10.52.090, they were respectively afforded statutory immunity from prosecution as a result of their appearance and testimony before the grand jury concerning the offenses charged. The trial court granted the motions and dismissed the indictments. The state sought review by this court.

Following a consideration of the briefs and oral arguments of counsel for the state and the respondents, this court issued an order affirming the trial court's order of dismissal. We now set forth the rationale for the order of affirmance.

The contentions of the respective parties propound three principal questions: (1) Do RCW 9.18.080 and RCW 10.52.090, the immunity statutes here involved, apply to respondents' testimony before a grand jury? (2) Must an individual testifying pursuant to such statutes first claim his privilege against self-incrimination, guaranteed by the fifth amendment to the United States Constitution, as a condition precedent to receiving the statutory immunity? (3) Do RCW 10.27.120 and RCW 10.27.130, the provisions of the 1971 criminal investigatory act relating to self-incrimination in grand jury proceedings, repeal RCW 9.18.080 and RCW 10.52.090?

We answer the first question in the affirmative and the second and third questions in the negative.

■ We start from the premise that the privilege against self-incrimination afforded by the fifth amendment to the United States Constitution is applicable to state proceedings. *Malloy v. Hogan,* 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489 (1964). And, that the adequacy of a state grant of immunity from prosecution must be tested against the requirements of the Fifth Amendment, which mandate that the grant of immunity be coextensive with the scope of the privilege against self-incrimination. *Counselman v. Hitch-*

*cock,* 142 U.S. 547, 35 L. Ed. 1110, 12 S. Ct. 195 (1892); *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594 (1964); *Kastigar v. United States,* 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653 (1972).

As noted in *Kastigar,* statutes which in certain instances provide immunity to a witness in exchange for the privilege against self-incrimination have authentic, historic and logical roots in Anglo-American law, to the extent that they have " 'become part of our constitutional fabric.' " The court further points out that not only are there a number of federal immunity statutes extant, but also one or more such statutes are on the books of every state in the Union. *Kastigar v. United States, supra* at 445-47.

Generally speaking, two forms of statutory grants of immunity have been upheld as constitutionally sufficient in scope to square with the scope of the Fifth Amendment privilege against self-incrimination. These forms have been characterized as furnishing "transactional immunity," *i.e.,* immunity from criminal prosecution for any transaction, matter or thing about which a witness is compelled to testify, and "use and derivative use immunity," *i.e.,* immunity from the use of the compelled testimony or any evidence derived therefrom in a subsequent criminal prosecution of the witness. *Brown v. Walker,* 161 U.S. 591, 40 L. Ed. 819, 16 S. Ct. 644 (1896); *Ullmann v. United States,* 350 U.S. 422, 100 L. Ed. 511, 76 S. Ct. 497, 53 A.L.R.2d 1008 (1956); *Kastigar v. United States, supra.*

RCW 9.18.080 and RCW 10.52.090, with which we are here concerned, were enacted as a part of this state's 1909 Criminal Code, Laws of 1909, ch. 249, §§ 78 and 39. They provide, respectively:

Every person offending against any of the provisions of law relating to bribery or corruption shall be a competent witness against another so offending and shall not be excused from giving testimony tending to criminate himself.

RCW 9.18.080.

In every case where it is provided in this act that a

witness shall not be excused from giving testimony tending to criminate himself, no person shall be excused from testifying or producing any papers or documents on the ground that his testimony may tend to criminate or subject him to a penalty or forfeiture; but he shall not be prosecuted or subjected to a penalty or forfeiture *for or on account of any action, matter or thing concerning which he shall so testify*, except for perjury or offering false evidence committed in such testimony.

(Italics ours.) RCW 10.52.090.

■ It is apparent from the language of RCW 9.18.080 and RCW 10.52.090 that, when applicable, the legislative intent was to withdraw the privilege against self-incrimination in criminal proceedings revolving about laws relating to bribery and corruption and to substitute in lieu of that privilege full "transactional immunity" as distinguished from "use and derivative use immunity." The scope of the immunity thus afforded is broad and well within the requirements of the Fifth Amendment. *Kastigar v. United States, supra.*

The state, however, argues that RCW 9.18.080 and RCW 10.52.090 do not apply to grand jury investigations. This they contend is so because: (a) the Criminal Investigatory Act of 1971, codified as RCW 10.27, is a special and separate statutory scheme relating to grand jury proceedings and is independent of the Criminal Code of 1909; and, (b) RCW 10.27.120 and RCW 10.27.130[2] restore to the witnesses con-

---

[2]"Any individual called to testify before a grand jury or special inquiry judge, whether as a witness or principal, if not represented by an attorney appearing with the witness before the grand jury or special inquiry judge, must be told of his privilege against self-incrimination. Such an individual has a right to representation by an attorney to advise him as to his rights, obligations and duties before the grand jury or special inquiry judge, and must be informed of this right. The attorney may be present during all proceedings attended by his client unless immunity has been granted pursuant to RCW 10.27.130. After immunity has been granted, such an individual may leave the grand jury room to confer with his attorney." RCW 10.27.120.

"If in any proceedings before a grand jury or special inquiry judge, a person refuses, or indicates in advance a refusal, to testify or provide evidence of any other kind on the ground that he may be incriminated

templated under RCW 9.18.080 and RCW 10.52.090 their privilege against self-incrimination. From these premises the state then asserts that the respondents in failing to claim their Fifth Amendment privilege[3] before the grand jury voluntarily waived that privilege and thereby lost any immunity that might otherwise have been accorded them.

We cannot agree with the state's contentions. Grand juries, as investigatory and accusatory bodies, are of early origin in the common law of England and of this country. 38 Am. Jur. 2d *Grand Jury* §§ 1 and 2 (1968); 38 C.J.S. *Grand Juries* § 1 (1943). They have been deemed to be and looked upon as a constituent part of the court calling them into session, and as performing an important function in the administration of the criminal law. *Hitzelberger v. State*, 173 Md. 435, 196 A. 288 (1938); *State ex rel. Adami v. Lewis & Clark County*, 124 Mont. 282, 220 P.2d 1052 (1950); *State v. Haines*, 18 N.J. 550, 115 A.2d 24 (1955); *People v. Polk*, 21 Ill. 2d 594, 174 N.E.2d 393 (1961). Indeed, RCW 10.27.020(6) defines a grand jury as a part of the impaneling court, and specifies the function of a grand jury to be to hear, examine, and investigate evidence concerning criminal activity and corruption and to take action upon such evidence. And, RCW 10.27.100 requires an impan-

thereby, and if a public attorney requests the court to order that person to testify or provide the evidence, the court shall then hold a hearing and shall so order unless it finds that to do so would be clearly contrary to the public interest, and that person shall comply with the order. The hearing shall be subject to the provisions of RCW 10.27.080 and 10.27.090, unless the witness shall request that the hearing be public.

"If, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but he shall not be prosecuted or subjected to criminal penalty or forfeiture for or on account of any transaction, matter, or fact concerning which he has been ordered to testify pursuant to this section. He may nevertheless be prosecuted for failing to comply with the order to answer, or for perjury or for offering false evidence to the grand jury." RCW 10.27.130.

[3]With but one limited exception, the Fifth Amendment privilege was not exercised by respondents in their testimony before the grand jury.

eled grand jury to inquire into all indictable offenses within its jurisdiction as are brought to its attention. A grand jury thus becomes an integral part in the criminal process, and the proceedings before it may fairly be characterized as "criminal proceedings," inhering in which rest Fifth Amendment privileges as well as prevailing immunity provisions.

To carry out its inquisitorial and accusatorial functions, as imposed upon it by the common law and the statutes, a grand jury must of necessity look to and rely upon the laws relating to crime as such have been enacted by the legislature. In so doing, it cannot close its eyes to portions of the criminal laws relevant to the subject matter of its investigations, and proceed as though such relevant laws did not exist.

■ ■ The legislature in enacting the Criminal Investigatory Act of 1971 specifically repealed some 30 statutes. It did not repeal RCW 9.18.080 or RCW 10.52.090. RCW 10.27.120 and RCW 10.27.130 provide a procedure whereby, under ordinary circumstances, transactional immunity may be afforded a witness entitled to claim the Fifth Amendment privilege against self-incrimination. The two sections, as well as the criminal investigatory act as a whole, do not purport to repeal, modify or operate in conflict with RCW 9.18.080 or RCW 10.52.090. The two statutory schemes can readily stand together and function in harmony with one another. Repeals by implication are not favored and will not be found to exist where earlier and later statutes may logically stand side by side and be held valid. *State ex rel. Washington Mut. Sav. Bank v. Bellingham,* 8 Wn.2d 233, 111 P.2d 781 (1941); *Copeland Lumber Co. v. Wilkins,* 75 Wn.2d 940, 454 P.2d 821 (1969).

We hold, therefore, that RCW 9.18.080 and RCW 10.52.090 applied to respondents and their testimony before the grand jury.

The state, however, further argues that respondents are not entitled to the immunity afforded by RCW 9.18.080 and

RCW 10.52.090 since they appeared before the grand jury in response to subpoena and voluntarily testified without asserting their privilege against self-incrimination. Thus, it is contended respondents were not compelled to testify.

In this respect, the state points to *State v. Whalen,* 108 Wash. 287, 183 P. 130 (1919), wherein it was held that a witness before a grand jury was not entitled to immunity afforded by a statute which purported to extend immunity only if a witness was "compelled" to testify. Because Whalen, the witness, did not claim his Fifth Amendment privilege before testifying, this court held his testimony was voluntary and the immunity provision inapplicable.

Aside from the fact that the language of RCW 10.52.090, the immunity statute here involved, is distinguishable from the statute in *Whalen,* we are satisfied the holding in that case was too narrow.

■ We believe a constitutionally sounder rule, and one supported by the weight of authority, embraces the concepts that: (a) a witness subpoenaed to testify before a grand jury investigating bribery and corruption is under compulsion by virtue of the subpoena; (b) the provisions of RCW 9.18.080 and RCW 10.52.090 removing the privilege against self-incrimination and substituting transactional immunity therefor are self-executing; (c) under the terms of those statutes the witness is left with no alternative but to testify; and (d) requiring the witness under such circumstances to invoke the privilege against self-incrimination would be requiring performance of a useless act. *United States v. Monia,* 317 U.S. 424, 87 L. Ed. 376, 63 S. Ct. 409 (1943); *State v. Hennessey,* 195 Ore. 355, 245 P.2d 875 (1952); *People v. Schwarz,* 78 Cal. App. 561, 248 P. 990 (1926); *People v. Sharp,* 107 N.Y. 427, 14 N.E. 319 (1887); *In re Grand Jury,* 135 N.Y.S. 103 (Ct. Gen. Sess. 1912); *United States v. Moore,* 15 F.2d 593 (D. Ore. 1926).

We hold, therefore, that respondents were not required to claim the privilege against self-incrimination as a condition precedent to the transactional immunity provided them under RCW 9.18.080 and RCW 10.52.090. Insofar as

*State v. Whalen, supra,* purports to hold otherwise, it is overruled.

 Finally, the state contends that dismissal of the indictments is not required; that suppression of respondents' testimony before the grand jury is all that is necessary. Again we cannot agree. The language of RCW 10.52.090 providing that a witness testifying under the terms of RCW 9.18.080 "shall not be prosecuted or subjected to a penalty or forfeiture for or on account of any action, matter or thing concerning which he shall so testify" is clear and unequivocal. It provides full and complete transactional immunity, and leaves no room for use and derivative use immunity. The United States Supreme Court in interpreting and applying a similar statute in *United States v. Monia, supra,* explained the transactional nature of the statute thusly:

> The legislation involved in the instant case is plain in its terms and, on its face, means to the layman that if he is subpoenaed, and sworn, and testifies, he is to have immunity. Instead of being a trap for the Government, as was the original Act, the statutes in question, if interpreted as the Government now desires, may well be a trap for the witness. Congress evidently intended to afford Government officials the choice of subpoenaing a witness and putting him under oath, with the knowledge that he would have complete immunity from prosecution respecting any matter substantially connected with the transactions in respect of which he testified, or retaining the right to prosecute by foregoing the opportunity to examine him.

*United States v. Monia, supra* at 430.

For the foregoing reasons, the order of dismissal was affirmed.

HALE, C.J., and FINLEY, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

ROSELLINI, J. (concurring)—I concur with the majority that individuals subpoenaed before a grand jury to obtain evidence of bribery or corrupt solicitation, or practice of

solicitation, are immune from prosecution. This holding is compelled not only by the federal case law and our statutes, RCW 9.18.080 and RCW 10.52.090, as set forth in the majority opinion, but also by the provisions in Const. art. 2, § 30:

> Any person may be compelled to testify in any lawful investigation or judicial proceeding against any person who may be charged with having committed the offense of bribery or corrupt solicitation, or practice of solicitation, and shall not be permitted to withhold his testimony on the ground that it may criminate himself or subject him to public infamy, but such testimony shall not afterwards be used against him in any judicial proceeding—except for perjury in giving such testimony . . .

WRIGHT, J., concurs with ROSELLINI, J.