[No. 1015-3.    Division Three.    January 25, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN B. HARVILLE, *Petitioner,* SUPERIOR COURT FOR FRANKLIN COUNTY, *Respondent.*

*John Moberg,* for petitioner.

*Paul Klasen, Prosecuting Attorney,* for respondent.

McINTURFF, J.—On May 12, 1972, a log cabin which had been donated to the Grant County Historical Society, known as "Splawn Log Cabin," located near the city of Soap Lake, Washington, was destroyed by fire. On June 6, 1973, several persons testified before a special inquiry judge about the circumstances of the fire. The special inquiry proceedings reconvened on June 13, 1973, where some of the same witnesses and additional witnesses testified about the circumstances of the fire. The clear thrust of the special inquiry proceedings was that the fire was arson caused and that petitioner was probably responsible.

Petitioner, pursuant to a subpoena, did appear before the special inquiry judge on June 15, 1973, to testify about the circumstances surrounding the fire. Prior to taking testimony from petitioner, who was not represented by counsel, the court informed petitioner of his right against self-incrimination and right to counsel, in the following manner:

THE COURT: It is necessary before we proceed that I

inform you as to the laws of the State of Washington as it pertains to this hearing, contained in RCW 10.27.120, entitled, "Self-incrimination. Right to counsel. Any person called to testify before a grand jury or special inquiry judge, whether as a witness or principal, if not represented by an attorney appearing with the witness before a grand jury or special inquiry judge, must be told of his privilege against self-incrimination. Such an individual has the right to representation by an attorney to advise him as to his rights, obligations, or duties before the grand jury or special inquiry judge, and must be informed of this right. The attorney may be present during all proceedings attended by his client unless immunity has been granted pursuant to RCW 10.27.130. After immunity has been granted, such an individual may leave the grand jury room to confer with his attorney." Do you understand what I have read to you?

On June 21, 1973, an information was issued, charging petitioner with second-degree arson. Petitioner, through counsel, filed a motion to suppress his testimony given at the special inquiry proceedings. Motion to suppress was granted September 24, 1973, with the trial court entering a specific finding that petitioner had not been properly advised of his right against self-incrimination under the United States and Washington State Constitutions.

Petitioner next moved to dismiss the information on the grounds he was entitled to a full, fair warning of his rights under the special inquiry proceedings; that he was entitled to *Miranda* warnings since he was the focus of the investigation at the time of his appearance, and the failure to give these warnings constituted an infringement of petitioner's constitutional rights under the fifth, sixth and fourteenth amendments to the United States Constitution. This motion was denied and, after a change of venue, the motion was reargued and again denied. From the denial of his motion petitioner seeks the issuance of a writ of prohibition precluding prosecution of the second-degree arson charge against him.

Petitioner's contentions are: (1) he was not adequately advised of his constitutional and statutory rights; (2) the

immunity provisions of the special inquiry proceedings are self-executing and result in the granting of full and complete transactional immunity from prosecution to petitioner because he was subpoenaed and compelled to appear before the special inquiry proceedings; (3) he is not required to formally claim his privilege against self-incrimination before he is entitled to the protection of immunity provisions of the special inquiry proceedings; (4) petitioner was the accused, or at least the target of the investigation, and as such could not be called before the special inquiry judge without violating his Fifth Amendment privilege against self-incrimination. Therefore, once petitioner was called, sworn and testified, the protections of the Fifth Amendment required that he automatically receive the immunity protections of the special inquiry statute, RCW 10.27.120; and (5) since petitioner was the target of the special inquiry investigation, his questioning before the special inquiry judge was custodial questioning under compulsion, requiring *Miranda* warnings, and the failure to so warn petitioner violated his Sixth Amendment rights requiring, under the special inquiry statute, RCW 10.27.120, an automatic grant of immunity from prosecution.

The statutes pertinent to the issues raised by petitioner concerning special inquiry proceedings are as follows: RCW 10.27.120, which provides:

> Any individual called to testify before a grand jury or special inquiry judge, whether as a witness or principal, if not represented by an attorney appearing with the witness before the grand jury or special inquiry judge, must be told of his privilege against self-incrimination. Such an individual has a right to representation by an attorney to advise him as to his rights, obligations and duties before the grand jury or special inquiry judge, and must be informed of this right. The attorney may be present during all proceedings attended by his client unless immunity has been granted pursuant to RCW 10.27.130. After immunity has been granted, such an indi-

vidual may leave the grand jury room to confer with his attorney.

RCW 10.27.130 provides:

> *If in any proceedings before a grand jury or special inquiry judge, a person refuses, or indicates in advance a refusal, to testify or provide evidence of any other kind on the ground that he may be incriminated thereby, and if a public attorney requests the court to order that person to testify or provide the evidence, the court shall then hold a hearing and shall so order unless it finds that to do so would be clearly contrary to the public interest, and that person shall comply with the order.* The hearing shall be subject to the provisions of RCW 10.27.080 and 10.27.090, unless the witness shall request that the hearing be public.
>
> *If, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but he shall not be prosecuted or subjected to criminal penalty or forfeiture for or on account of any transaction, matter, or fact concerning which he has been ordered to testify pursuant to this section.* He may nevertheless be prosecuted for failing to comply with the order to answer, or for perjury or for offering false evidence to the grand jury.

(Italics ours.)

Petitioner, in arguing the immunity provisions of the special inquiry proceedings are self-executing and result in full and complete transactional immunity because he was subpoenaed and compelled to appear at the special inquiry proceedings, relies substantially on the case of *State v. Carroll,* 83 Wn.2d 109, 515 P.2d 1299 (1973).

In *Carroll,* the court held transactional immunity granted under RCW 9.18.080 and RCW 10.52.090 is self-executing when the party is subpoenaed to testify before the grand jury and that it is not necessary that the witness invoke his privilege against self-incrimination before such immunity is granted. The court further held suppression of evidence is not adequate where the statute itself compels testimony

supplanting transactional immunity for Fifth Amendment rights.

The difference between the present action and *Carroll* is found by examination of the respective statutory schemes granting immunity in each instance. In *Carroll,* the court was concerned with RCW 9.18.080 and RCW 10.52.090, which provide as follows:

RCW 9. 18.080:

Every person offending against any of the provisions of law relating to bribery or corruption shall be a competent witness against another so offending and shall not be excused from giving testimony tending to criminate himself.

RCW 10.52.090:

In every case where it is provided in this act that a witness shall not be excused from giving testimony tending to criminate himself, no person shall be excused from testifying or producing any papers or documents on the ground that his testimony may tend to criminate or subject him to a penalty or forfeiture; but he shall not be prosecuted or subjected to a penalty or forfeiture *for or on account of any action, matter or thing concerning which he shall so testify,* except for perjury or offering false evidence committed in such testimony.

(Italics ours.) The court, in *Carroll,* at page 113 stated:

It is apparent from the language of RCW 9.18.080 and RCW 10.52.090 that, when applicable, the legislative intent was to withdraw the privilege against self-incrimination in criminal proceedings revolving about laws relating to bribery and corruption and to substitute in lieu of that privilege full "transactional immunity" as distinguished from "use and derivative use immunity." The scope of the immunity thus afforded is broad and well within the requirements of the Fifth Amendment. *Kastigar v. United States, supra* [406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653 (1972)].

█ From the language of RCW 10.27.130 it is apparent that the legislative intent was not to withdraw the privilege against self-incrimination and place in its stead full transactional immunity simply because petitioner was sub-

poenaed to appear. Instead, under RCW 10.27.120 an individual is first to be informed of his right against self-incrimination and right to counsel. Only upon the exercise of his right against self-incrimination does the question of a grant of transactional immunity arise under RCW 10.27.130. Succinctly, the difference between *Carroll* and the instant case is that RCW 9.18.080 and RCW 10.52.090, the effective statutes in *Carroll compel* the witnesses' testimony with no alternative but to testify, while in the instant action RCW 10.27.130 does not itself substitute transactional immunity for Fifth Amendment rights against self-incrimination, but instead, upon the witnesses' refusal to answer a question on the grounds of self-incrimination, the court is directed to hold a hearing to determine if the witness should be compelled to answer in exchange for full and complete transactional immunity. Therefore, *Carroll* does not answer the issue presented in the present action and, under RCW 10.27.130, the fact that an individual is subpoenaed before the special inquiry judge does not require the individual be given transactional immunity. The immunity provisions of RCW 10.27.130 are not self-executing, but instead require an exercise of Fifth Amendment rights against self-incrimination.

The trial court found, and we agree, that petitioner was not properly advised of his rights against self-incrimination by the special inquiry judge, in that a full explanation of his rights was required rather than a mere recitation of the statute. However, transactional immunity under RCW 10.27.130 is not required for this failure because any grant of transactional immunity under this statutory provision clearly requires (1) exercise of Fifth Amendment rights (refusal to testify), and (2) action by the special inquiry judge compelling such testimony. The remedy for abridgement of Fifth Amendment rights is suppression of all evidence illegally obtained rather than dismissal of the charges. *United States v. Addonizio,* 313 F. Supp. 486 (D. N.J. 1970).

In *Lefkowitz v. Turley,* 414 U. S. 70, 77, 38 L. Ed. 2d 274, 94 S. Ct. 316 (1973), the court stated:

> In this respect, *McCarthy v. Arndstein* [266 U. S. 34, 69 L. Ed. 158, 45 S. Ct. 16 (1924)] reflected the settled view in this Court. The object of the Amendment "was to ensure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." *Counselman v. Hitchcock,* 142 U. S. 547, 562 (1892). See also *Bram v. United States,* 168 U. S. 532, 542-543 (1897); *Brown v. Walker,* 161 U. S. 591 (1896); *Boyd v. United States,* 116 U. S. 616, 634, 637-638 (1886); *United States v. Saline Bank,* 1 Pet. 100 (1828). This is the rule that is now applicable to the States. *Malloy v. Hogan,* 378 U. S. 1 (1964). "It must be considered irrelevant that the petitioner was a witness in a statutory inquiry and not a defendant in a criminal prosecution, for it has long been settled that the privilege protects witnesses in similar federal inquiries." *Id.,* at 11. In any of these contexts, therefore, a witness protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant. *Kastigar v. United States,* 406 U. S. 441 (1972). *Absent such protection, if he is nevertheless compelled to answer, his answers are inadmissible against him in a later criminal prosecution. Bram v. United States, supra; Boyd v. United States, supra.*

(Italics ours.)

We shall not decide petitioner's contention that *Miranda* warnings are required in that, again, the proper method is suppression of the evidence illegally obtained. *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

The trial court having properly denied petitioner's motion to dismiss the information, the petition for writ of prohibition is denied.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 19, 1974.

Review granted by Supreme Court April 29, 1974.