[No. 1655-2.   Division Two.   December 22, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN MORTON, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney*, and *James E. Warme, Chief Deputy*, for appellant.

*D. L. Donaldson* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow*), for respondent.

REED, J.—The State appeals from a dismissal of charges of bribery and misconduct by a public officer, John Morton. The trial court ruled that the defendant was clothed with immunity from prosecution when he gave testimony concerning the alleged bribery before a special inquiry judge on June 15 and 29, 1972. We affirm the dismissal of the charges.

The defendant was a grade school principal in the Woodland School District No. 404.[1] He and others, including Byron Hanke, were subpoenaed to appear before a special inquiry judge "to give evidence concerning matters there under investigation," which included an alleged commission

---

[1] The collateral issue—for purposes of this appeal—of whether defendant is a public officer who could have been charged with asking or receiving a bribe under RCW 9.18.020 and with misconduct under RCW 42.20.010, was discussed in *State v. Morton*, 83 Wn.2d 863, 523 P.2d 199 (1974).

payment from Hanke to defendant in return for his assistance in inducing the school district to purchase office furniture from Hanke. Morton did testify fully about the transaction and said he regarded the payment as an innocent "salary."

The State's contention on appeal is that a witness appearing before an inquiry judge as a "principal"—a potential defendant—rather than as one testifying against another is not entitled to immunity from prosecution conferred by RCW 9.18.080 and RCW 10.52.090.

RCW 9.18.080 provides as follows:

> Offender a competent witness. Every person offending against any of the provisions of law relating to bribery or corruption shall be a competent witness against another so offending and shall not be excused from giving testimony tending to criminate himself.

RCW 10.52.090 provides:

> Incriminating testimony not to be used. In every case where it is provided in this act that a witness shall not be excused from giving testimony tending to criminate himself, no person shall be excused from testifying or producing any papers or documents on the ground that his testimony may tend to criminate or subject him to a penalty or forfeiture; but he shall not be prosecuted or subjected to a penalty or forfeiture for or on account of any action, matter or thing concerning which he shall so testify, except for perjury or offering false evidence committed in such testimony.

At the outset of defendant's appearance, counsel for both sides explored the reason for the subpoena. Defense counsel put it this way:

> I am assuming this man is called as a principal, not a witness . . . he is not just merely here as a witness, but he is here as a potential criminal defendant, as I understand it, . . .

The prosecutor responded:

> Of course, we are, as Mr. Donaldson has stated, confronted maybe with a principal witness as opposed to merely a witness, and we could very well be confronted with the Fifth Amendment privilege every question.

The State concedes that the immunity contained in RCW 10.52.090 would mandate a dismissal of the charges if RCW 9.18.080 operates to bring the defendant within the protection of RCW 10.52.090. The State's argument is that the immunity of RCW 9.18.080 should be interpreted to come into play only when a witness testifies "against another." The State contends the defendant here was not testifying "against another," but rather he was being examined as to his own possibly illegal conduct; he was not compelled to testify because he knew he could claim the Fifth Amendment privilege. Therefore, the argument concludes, the immunity of RCW 10.52.090 does not apply.

■ We are persuaded that the holding and rationale of *State v. Carroll*, 83 Wn.2d 109, 515 P.2d 1299 (1973), are dispositive of this appeal. *Carroll* holds that RCW 9.18.080 and RCW 10.52.090 confer full "transactional immunity," *i.e.*, immunity from prosecution for any transaction, matter or thing about which he is compelled to testify, upon a witness testifying before a grand jury regarding bribery and corruption.[2] In addition, such a witness has no alternative but to testify because, as the *Carroll* court stated at page 116:

> (a) a witness subpoenaed to testify before a grand jury investigating bribery and corruption is under compulsion by virtue of the subpoena; (b) the provisions of RCW 9.18.080 and RCW 10.52.090 removing the privilege against self-incrimination and substituting transactional immunity therefor are self-executing; (c) under the terms of those statutes the witness is left with no alternative but to testify; and (d) requiring the witness under such circumstances to invoke the privilege against self-incrimination would be requiring performance of a useless act.

The reason that such statutory immunity from prosecution is given witnesses in proceedings investigating bribery and corruption was summarized as follows:

---

[2] There is no contention that proceedings before a special inquiry judge differ from grand jury proceedings for purposes of this appeal. *See* RCW 10.27.

> The legislation involved in the instant case is plain in its terms and, on its face, means to the layman that *if he is subpoenaed, and sworn, and testifies,* he is to have immunity. Instead of being a trap for the Government, as was the original Act, the statutes in question, if interpreted as the Government now desires, may well be a trap for the witness. Congress evidently intended to afford Government officials the choice of subpoenaing a witness and putting him under oath, with the knowledge that he could have complete immunity from prosecution respecting any matter substantially connected with the transactions in respect of which he testified, or retaining the right to prosecute by foregoing the opportunity to examine him.

(Italics ours.) *State v. Carroll, supra* at 117, quoting from *United States v. Monia,* 317 U.S. 424, 430, 87 L. Ed. 376, 63 S. Ct. 409 (1943).

The *Carroll* defendants were all subpoenaed before the grand jury and testified without claiming their Fifth Amendment privilege. They were obviously regarded as more than mere informants, because they were subsequently indicted. Defendant John Morton also testified as a potential defendant without asserting his constitutional privilege. His testimony, therefore, was cloaked with transactional immunity under the statutes as construed in *Carroll.*

We hold that the immunity conferred by RCW 10.52.090 and RCW 9.18.080 applies to any witness who testifies in response to a subpoena before a grand jury or special inquiry judge, whether he is regarded as an informer against another, or as was the case here and in *Carroll,* as a potential defendant to a bribery or corruption charge. The choice is thus squarely upon the State to elect to either compel testimony which then clothes the witness with transactional immunity or dispense with the testimony if prosecution of that person is desired. If the State considered John Morton a potential defendant, it should have refrained from eliciting his sworn testimony.

The dismissal of the charges is affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied January 22, 1976.

Review denied by Supreme Court March 16, 1976.